**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File: 07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 (RMU) |

**DEFENDANT ALLTEL CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(b)(1)**

Alltel Corporation, a defendant in *Belloni, et al. v. Verizon Communications, Inc., et al.*, No. 07-cv-801 (RMU), moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and Fed. R. Civ. P. 12(b)(1) for lack of standing. This motion is based upon the accompanying memorandum of Points and Authorities, the files and records in this action, such additional authority and argument as may be presented in any Reply and at any hearing on this motion, and such matters of which this Court may take judicial notice.

Dated: June 8, 2007

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By [signature]
Michael B. Carlinsky
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinksy@quinnemanuel.com

Attorney for Alltel Corporation

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | ) | MDL Docket No. 1798 |
| | ) | Master File: 07-mc-0014 (RMU) |
| This document relates to: | ) | Member Case: 07-cv-801 (RMU) |
| *Belloni v. Verizon Communications, Inc.* | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ALLTEL CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(b)(1)**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 1

ARGUMENT .......... 2

THE COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY .......... 2

CONCLUSION .......... 5

## TABLE OF AUTHORITIES

**Page**

**Cases**

Akerman v. Oryx Communications, Inc.,
609 F. Supp. 363 (S.D.N.Y. 1984) ....................4

Alfaro Motors, Inc. v. Ward,
814 F.2d 883, 886 (2d Cir. 1987) ....................2

Allison v. Utah County Corp.,
223 F.R.D. 638, 639 (D. Utah 2004) ....................3

Battle v. Oklahoma,
No. Civ. 05-0405, 2005 WL 1072588, at *2 (W.D. Okla. May 4, 2005) ....................3

Collins v. Kibort,
143 F. 3d 331, 334 (7th Cir. 1998) ....................2

Dove v. Fordham Univ.,
56 F. Supp. 2d 230 (S.D.N.Y. 1999) ....................3

Fraise v. Kelly,
No. Civ. A. 98-1863, 1998 WL 827387, at *2 (E.D. La. Nov. 24, 1998) ....................3

Franklin v. District of Columbia,
163 F.3d 625, 633 (D.C. Cir. 1998) ....................4

Lewis v. Casey,
518 U.S. 343 (1996) ....................4

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) ....................4

McCoy v. Goord,
255 F. Supp. 2d 351 (S.D.N.Y. 2003) ....................3

Morabito v. Blum,
529 F. Supp. 252 (S.D.N.Y. 1981) ....................2

Raines v. Bird,
521 U.S. 811 (1997) ....................3

Roberson v. Alliance Midwest Tubular Prods.,
No. 99 C 7461, 2004 WL 1102310, at *2 (N.D. Ill. Apr. 28, 2004) ....................3

Simon v. Eastern Ky. Welfare Rights Org.,
633 F. Supp. 1323 (S.D.N.Y. 1986) ....................4

Smith v. Masterson,
No. 05 Civ. 2897, 2006 WL 2975393996 (S.D.N.Y. Oct. 17, 2006) ....................3

Tolley v. Kivett,
No. 1:01 Civ. 00410, 2002 WL 31163773, at *2 (M.D.N.C. July 1, 2002) .......... 3

Webb v. Caruso
No. 1:06 Civ. 3, 2006 WL 416261, at * 4 (W. D. Mich. Feb. 22, 2006) .......... 3

Zavatsky v. Anderson,
130 F. Supp. 2d 349, 359 (D. Conn. 2001) .......... 3

Pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Alltel Corporation respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs' Complaint in its entirety for failure to state a claim upon which relief can be granted and for lack of standing. In the interest of conserving judicial resources, Alltel respectfully incorporates by reference herein the arguments of other Defendants in support of dismissing Plaintiffs' claims under Rule 12(b)(6) and Rule 12(b)(1).

## PRELIMINARY STATEMENT

In addition to the arguments set forth in the joint Rule 12(b)(6) and Rule 12(b)(1) motions, in which Alltel joins, Alltel seeks dismissal of all of Plaintiffs' claims under Rule 12(b)(6) on the ground that no allegations whatsoever are made against Alltel in the Complaint and Rule 12(b)(1) on the ground that it is not alleged that any Plaintiff was a customer of or had any dealings with Alltel. In fact, the only reference to Alltel in the Complaint is to name Alltel in the caption as one of the fourteen defendants. The law is clear that when a defendant is named in the caption of a complaint but not specifically mentioned anywhere else, all claims brought against that defendant must be dismissed. Further, not one of the named Plaintiffs is alleged to have been a customer of Alltel or otherwise had any dealings with Alltel. Thus, Plaintiffs have no standing to bring any claims against Alltel. Accordingly, Alltel's motion to dismiss Plaintiffs' Complaint should be granted.

## STATEMENT OF FACTS

Plaintiffs allege that fourteen telephone communications companies improperly and illegally collected taxes from Plaintiffs under Section 4251 *et seq.* of the Internal Revenue Code of 1986, 26 U.S.C. § 4251 (the "Communications Excise Tax"). (Compl. ¶ 1). Specifically, Plaintiffs allege that after 1997, Defendants were improperly collecting and remitting the Communications Excise Tax to the Internal Revenue Service ("IRS"). (Compl. ¶ 3). Further,

Plaintiffs allege that the Defendants, in collecting and remitting the Communications Excise Tax to the IRS, must have conspired to "hide, deceive, disguise, manipulate, misrepresent and miscommunicate the pertinent legal obligations," because if any Defendant stopped charging and remitting the Communications Excise Tax it would draw attention to the other Defendants' decision to continue charging and remitting the tax. (Compl. ¶¶ 8-11).

Specifically, Plaintiffs claim that Defendants (1) violated 47 U.S.C. § 203(c) by charging and remitting the Communications Excise Tax after it was no longer applicable to their long distance telephone services (Compl. ¶¶ 60-64); (2) violated 47 U.S.C. § 203(a) by failing to state that the Communications Excise Tax no longer applied to them, irrespective of the position of the IRS on that issue (Compl. ¶¶ 65-69); (3) breached their contracts with Plaintiffs by collecting and remitting non-applicable excise taxes (Compl. ¶¶ 70-75); (4) breached their fiduciary duty to "inform and protect" Plaintiffs (Compl. ¶¶ 76-88); and (5) conspired to engage in the aforementioned actionable conduct. (Compl. ¶¶ 89-102).

Alltel is not mentioned in any of the Complaint's 103 paragraphs and it is not alleged that any Plaintiff was an Alltel customer or otherwise had any dealings with Alltel. (Compl. ¶¶ 20-25).

## ARGUMENT

### THE COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY

It is well-settled law nationwide that "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in that regard to that defendant should be granted." Morabito v. Blum, 528 F. Supp. 252, 262 (S.D.N.Y. 1981); see Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir.

1987) (failing to name defendants anywhere other than the caption warrants the complaint "fatally defective on its face."); Smith v. Masterson, No. 05 Civ. 2897, 2006 WL 2975393, *2 (S.D.N.Y. Oct. 17, 2006) (dismissing all claims brought against a defendant who is "named as a defendant" but "otherwise is not mentioned by name in the Complaint"); Webb v. Caruso, No. 1:06 Civ. 3, 2006 WL 416261, at * 4 (W. D. Mich. Feb. 22, 2006) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal."); Battle v. Oklahoma, No. Civ. 05-0405, 2005 WL 1072588, at *2 (W.D. Okla. May 4, 2005); Allison v. Utah County Corp., 223 F.R.D. 638, 639 (D. Utah 2004) (quoting Morabito, 528 F. Supp. at 262); Roberson v. Alliance Midwest Tubular Prods., No. 99 C 7461, 2004 WL 1102310, at *2 (N.D. Ill. Apr. 28, 2004) ("It is well established that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption."); McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003); Tolley v. Kivett, No. 1:01 Civ. 00410, 2002 WL 31163773, at *2 (M.D.N.C. July 1, 2002) (dismissing complaint "with prejudice for failure to state a claim upon which relief can be granted" because the complaint only names the defendant in one paragraph and the caption and contains no allegations indicating how defendant violated the law or injured plaintiff); Zavatsky v. Anderson, 130 F. Supp. 2d 349, 359 (D. Conn. 2001); Dove v. Fordham Univ., 56 F. Supp. 2d 330, (S.D.N.Y. 1999) (dismissing *pro se* complaint for failure to make any allegations regarding a defendant named in the complaint in the body of the complaint); Fraise v. Kelly, No. Civ. A. 98-1863, 1998 WL 827387, at *2 (E.D. La. Nov. 24, 1998). Because Alltel was named as a defendant in the caption but was not otherwise mentioned by name in the Complaint, all claims brought against it must be dismissed.

Further, the Complaint does not allege that any of the Plaintiffs were Alltel customers or otherwise had any dealings or interactions with Alltel. Because Plaintiffs do not allege that

Alltel directly harmed any named Plaintiff in any way, Plaintiffs lack standing to sue Alltel. Under Article III of the United States Constitution, the injury suffered by the Plaintiffs must be "fairly trace[able] to the challenged action of the defendant." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Raines v. Bird, 521 U.S. 811, 818 (1997) ("plaintiff must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct"). It is irrelevant for purposes of standing that Plaintiffs brought suit as a class action. See, e.g., Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, n. 20 (1976) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (internal quotation marks omitted)); Lewis v. Casey, 518 U.S. 343, 357 (1996) ("that a suit may be a class action . . . adds nothing to the question of standing."); Franklin v. District of Columbia, 163 F.3d 625, 633 (D.C. Cir. 1998); Akerman v. Oryx Communications, Inc., 609 F. Supp. 363, 377 (S.D.N.Y. 1984) (holding that plaintiffs bringing class action against underwriters had standing against only those underwriters that sold directly to plaintiffs even though plaintiffs alleged the other underwriters were co-conspirators or aided and abetted those who sold directly to plaintiffs). Therefore, because Plaintiffs have no standing to assert claims against Alltel, all claims brought against it must be dismissed.

**CONCLUSION**

For the foregoing reasons, as well as those enumerated in the Rule 12(b)(6) and Rule 12(b)(1) motions in which Alltel joins, this Court should dismiss all of Plaintiffs' claims against Alltel.

Dated: June 8, 2007

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By_______________
Michael B. Carlinsky

51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinksy@quinnemanuel.com

Attorney for Alltel Corporation

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| IN RE LONG DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL Docket No. 1798 |
|---|---|

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8 day of June 2007, Defendant Alltel Corporation served its Motion To Dismiss The Amended Complaint and Memorandum in Support by U.S. mail addressed as follows:

**Christopher R. Neufeld**
Law Offices of
Kelechi O. Onyeobia, P.C.
1218 Walton Avenue, Suite 108
Bronx, NY 10452

**Kelechi Ozioma Onyeobia**
Law Offices of
Kelechi O. Onyeobia, P.C.
1218 Walton Avenue, Suite 108
Bronx, NY 10452

**Burton A. Gross**
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

**Daniel Paul Collins**
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

**Daniel L. Geyser**
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

**John P. Frantz**
One Verizon Way
VC54N067
Basking Ridge, NJ 07920

**Joseph D. Lee**
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071

**Richard Henry Dolan**
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004

**Alejandro Mayorkas**
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

**Sandra Sepulveda**
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

**P. Scott Wolleson**
The Boles Law Firm
1818 Avenue of America
Monroe, LA 71201

**Robert A. O'Hare, Jr.**
**Andrew C. Levitt**
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York, NY 10005

**Nicholas E. Chimicles**
Chimicles & Tikellis, LLP
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041

**Bobby C. Lawyer**
AT&T Services Legal Department
525 Market Street, Suite 2001
San Francisco, CA 94105

**Michael D. Leffel**
Foley & Lardner, LLP
150 East Gilman Street
Madison, WI 53703-1481

**Richard F. Scruggs**
Scruggs Law Firm, PA
120 A Courthouse Square
P.O. Box 1136
Oxford, MS 38655-1136

**Ernest Slome**
Lewis Brisbois Bisgaard & Smith
550 West C Street, Suite 800
San Diego, CA 92101

**Gregory E. Van Hoey**
U.S. Department of Justice
Tax Division
555 4th Street, N.W.
P.O. Box 7238
Washington, DC 20044-7238

**Alan Unger**
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

**Susan L. Saltzstein**
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

**Sean Lev**
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036

**Henk Brands**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1615 L Street, N.W., Suite 1300
Washington, DC 20036-5694

**John Cambria**
Alston & Bird LLP
90 Park Avenue
New York, NY 10016-1387

**Michael J. Shortly, III**
1080 Pittsford-Victor Road
Pittsford, NY 14534

**Herbert Teitelbaum**
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104-3300
(212) 541-2000

**John W. Rogers**
BRYAN CAVE LLP
One Metropolitan Square Building
211 N. Broadway, Suite 3600
St. Louis, Missouri 6310

Dated: June 8, 2007

Michael B. Carlinsky

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
michaelcarlinksy@quinnemanuel.com

Attorney for Alltel Corporation