# United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date: 6/11/2007

06-11459

Dear Sir/Madam,

Pursuant to an Order of this Court, the above-entitled action is transferred to your District. The papers enclosed herewith constitute the entire file in this action. A certified copy of the Order of Transfer is included in lieu of the original, which is retained in our files.

The enclosed copy of this letter is for your convenience in acknowledging receipt of the file.

Yours truly,

J. Michael McMahon, Clerk of Court

By: **LOURDES AQUINO**
Deputy Clerk

Fed Ex # 8605 6652 0607

**RECEIPT IS ACKNOWLEGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:**

_____ON DATE:_____

CASE TRANSFERRED OUT FORM



A CERTIFIED TRUE COPY

APR 1 9 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
MAY 21 2007
S.D. OF N.Y.

## DOCKET NO. 1798

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION

*Anthony Belloni, et al. v. Verizon Communications Inc., et al.*, S.D. New York, C.A. No. 1:06-11459

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,\* JUDGES OF THE PANEL*

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By
Deputy Clerk

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 436 (2001), by plaintiffs in this action (*Belloni*) and plaintiffs in one of the three actions already centralized in this docket, respectively. Movants ask the Panel to vacate its order conditionally transferring *Belloni* to the District of District of Columbia for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Ricardo M. Urbina. Responding defendants support transfer of *Belloni*.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that this action involves common questions of fact with actions in this litigation previously transferred to the District of District of Columbia, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of District of Columbia was a proper Section 1407 forum for actions brought by plaintiffs seeking reimbursement of the federal communications excise tax on long-distance telephone service, where the charge for such service was not based on the distance of the telephone call. *See In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation*, 469 F.Supp.2d. 1348 (J.P.M.L. 2006).

Movants principally argue that, unlike plaintiffs in the already centralized actions, the *Belloni* plaintiffs have elected to sue telecommunications companies rather than the Federal Government. That difference notwithstanding, *Belloni* implicates various common issues with the already centralized actions, including questions concerning the amounts of the excise tax collected and remitted and the time period for which liability may attach. Transfer will also eliminate the possibility of conflicting rulings on exhaustion of remedies, class certification, and the Federal Government's ultimate liability.

---

\*     Judges Motz, Miller and Scirica took no part in the disposition of this matter.

Clerk's Office
United States District Court
For the District of Columbia
Washington, DC 2001
May 9, 2007

Clerk, United States District Court
for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY   10007-1312

**IN RE: MDL 1798: In Re: LONG-DISTANCE TELEPHONE SERVICE
FEDERAL EXCISE TAX FEFUND LITIGATION**

Dear Clerk:

Enclosed is a certifed copy of the Transfer Order entered by the Judicial Panel on Multidistrict Litigation.  The Order became effective on 4/19/07.  We have assigned a new individual civil action number to your case to be transferred to us as listed below.

Please send us your file along with a certified copy of your docket entries.  When you send your file, please refer and type on your cover letter our Civil Action number.

| **Title of Case** | **Your Number** | **Our Number** |
|---|---|---|
| **Anthony Belloni, et al.**<br>**v.Verizon Communications, Inc., et al.** | **C.A. No. 1:06-11459** | **C.A. No.  07-801** |

Sincerely,

NANCY MAYER-WHITTINGTON, CLERK

By _____
Katherine S. Snuffer
Trainer/Quality Control Specialist (202) 354-3183

cc:     MDL Panel
        Nancy Mayer-Whittington, Clerk
        Judge Ricardo M. Urbina
        Jim Dales, Courtroom Clerk
        Jacqueline Francis, Docket Clerk

CLOSED, ECF, STAYED

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:06-cv-11459-DAB
# Internal Use Only

Belloni et al v. Verizon Communications Inc. et al

Assigned to: Judge Deborah A. Batts

Cause: 28:1331 Fed. Question: Other

Date Filed: 10/30/2006
Date Terminated: 05/21/2007
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

## Plaintiff

**Anthony Belloni**
*individually and on behalf of all others similarly situated*

represented by **Christopher R. Neufeld**
Law Offices of Kelechi O. Onyeobia, P.C.
1218 Walton Avenue
Suite 108
Bronx, NY 10452
(646) 660-1964
Fax: (718) 992-8114
Email: crneufeld@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelechi Ozioma Onyeobia**
Law Offices of Kelechi O. Onyeobia, P.C.
1218 Walton Avenue
Suite 108
Bronx, NY 10452
(646) 660-1964
Fax: (718) 992-8114

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK
BY DEPUTY CLERK

Email: keleobia@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald T. Bonomo**
*individually and on
behalf of all others
similarly situated*

represented by **Christopher R. Neufeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelechi Ozioma Onyeobia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Colleen Elvin**
*individually and on
behalf of all others
similarly situated*

represented by **Christopher R. Neufeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelechi Ozioma Onyeobia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shellyann Lewis**
*individually and on
behalf of all others
similarly situated*

represented by **Christopher R. Neufeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelechi Ozioma Onyeobia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Caamano & Bonomo** represented by **Christopher R. Neufeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelechi Ozioma Onyeobia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Plaintiff

**Professional Realty and Travel Service, Inc.** represented by **Christopher R. Neufeld**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelechi Ozioma Onyeobia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Verizon Communications Inc.** represented by **Burton A. Gross**
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
(213) 983-9100
Fax: (213) 687-3702
*ATTORNEY TO BE NOTICED*

**Daniel Paul Collins**
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
(213)-683-9125

Fax: (213)-687-3702
Email: daniel.collins@mto.com
*ATTORNEY TO BE NOTICED*

**Daniel L. Geyser**
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
(213) 683-9100
Fax: (213) 687-3702
*ATTORNEY TO BE NOTICED*

**John P. Frantz**
One Verizon Way
VC54N067
Basking Ridge, NJ 07920
(908) 559-5731
Fax: (908) 204-3258
*ATTORNEY TO BE NOTICED*

**Joseph D. Lee**
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071
(213) 683-9100
Fax: (213) 687-3702
*ATTORNEY TO BE NOTICED*

**Richard Henry Dolan**
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
Fax: (212) 344-7677
Email: rhd@schlamstone.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AT&T Inc.**

**Defendant**

**Sprint Nextel Corp.**

**Defendant**

**Time Warner Inc.**

**Defendant**

**MCI Inc.**      represented by    **Burton A. Gross**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Paul Collins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel L. Geyser**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John P. Frantz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph D. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Henry Dolan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**T-Mobile USA Inc.**

**Defendant**

**Global Crossing
North America Inc.**

<u>Defendant</u>

**Virgin Mobile USA
LLC**

<u>Defendant</u>

| | | |
|---|---|---|
| **Alltel Corp.** | represented by | **Michael Barry Carlinsky** |

Quinn Emanuel Urquhart Oliver &
Hedges LLP (NYC)
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
Fax: (212) 849-7100
Email:
michaelcarlinsky@quinnemanuel.com

*ATTORNEY TO BE NOTICED*

**Nicole Diane Mariani**
Quinn Emanuel Urquhart Olive &
Hedges (51 Madison Ave)
51 Madison Avenue
New York, NY 10010
(212)-849-7265
Fax: (212)-849-7100
Email:
nicolemariani@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

| | | |
|---|---|---|
| **Qwest Corp.** | represented by | **Alejandro Mayorkas** |

O'Melveny & Myers LLP
400 South Hope Street
Loas Angeles, CA 90071
(213) 430-6000

Fax: (213) 430-6407
*ATTORNEY TO BE NOTICED*

**Sandra Sepulveda**
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000
Fax: (213) 430-6407
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bellsouth
Corporation**

**Defendant**

**Century Tel Inc.**    represented by    **P. Scott Wolleson**
The Boles Law Firm
1818 Avenue of America
Monroe, LA 71201
(318) 4050
Fax: (318) 998-7115
*ATTORNEY TO BE NOTICED*

**Robert A. O'Hare, Jr.**
O'Hare Parnagian LLP
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401
Fax: (212) 425-1421
Email: rohare@ohareparnagian.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Does**
*1-500*

**Defendant**

**Doe Corporations**
*1-500*

<u>**Defendant**</u>

**Doe Entities**
*1-500*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2006 | ●1 | COMPLAINT against Verizon Communications Inc., AT&T Inc., Sprint Nextel Corp., Time Warner Inc., MCI Inc., T-Mobile USA Inc., Global Crossing North America Inc., Virgin Mobile USA LLC, Alltel Corp., Qwest Corp., Bellsouth Corporation, Century Tel Inc., John Does, Doe Corporations, Doe Entities. (Filing Fee $ 350.00, Receipt Number 595476)Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis.(lb, ) Additional attachment(s) added on 11/6/2006 (ae, ). (Entered: 10/31/2006) |
| 10/30/2006 | ● | SUMMONS ISSUED as to Verizon Communications Inc., AT&T Inc., Sprint Nextel Corp., Time Warner Inc., MCI Inc., T-Mobile USA Inc., Global Crossing North America Inc., Virgin Mobile USA LLC, Alltel Corp., Qwest Corp., Bellsouth Corporation, Century Tel Inc., John Does, Doe Corporations, Doe Entities. (lb, ) (Entered: 10/31/2006) |
| 10/30/2006 | ● | Magistrate Judge James C. Francis is so designated. (lb, ) (Entered: 10/31/2006) |
| 10/30/2006 | ● | Case Designated ECF. (lb, ) (Entered: 10/31/2006) |
| 10/30/2006 | ●2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Caamano & Bonomo.(lb, ) Additional attachment |

| | | (s) added on 11/6/2006 (ae, ). (Entered: 10/31/2006) |
|---|---|---|
| 10/30/2006 | ⊜3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Professional Realty and Travel Service, Inc..(lb, ) Additional attachment(s) added on 11/6/2006 (ae, ). (Entered: 10/31/2006) |
| 11/02/2006 | ⊜4 | SUMMONS RETURNED EXECUTED. Verizon Communications Inc. served on 10/30/2006, answer due 11/20/2006. Service was accepted by Terry Rolan, receptionist. Document filed by Caamano & Bonomo; Professional Realty and Travel Service, Inc.; Anthony Belloni; Donald T. Bonomo; Colleen Elvin; Shellyann Lewis. (Neufeld, Christopher) (Entered: 11/02/2006) |
| 11/02/2006 | ⊜5 | SUMMONS RETURNED EXECUTED. Time Warner Inc. served on 10/30/2006, answer due 11/20/2006. Service was accepted by Matt Durnin, counsel. Document filed by Caamano & Bonomo; Professional Realty and Travel Service, Inc.; Anthony Belloni; Donald T. Bonomo; Colleen Elvin; Shellyann Lewis. (Neufeld, Christopher) (Entered: 11/02/2006) |
| 11/30/2006 | ⊜6 | STIPULATION AND ORDER that dft Verizon Communication's time to answer move or otherwise respond to the complaint in this action is extended to and including 12/30/06. (Signed by Judge Deborah A. Batts on 11/30/06) (dle, ) (Entered: 12/01/2006) |
| 11/30/2006 | ⊜ | Set Answer Due Date purs. to 6 Stipulation and Order as to Verizon Communications Inc. answer due on 12/30/2006. (dle, ) (Entered: 12/01/2006) |
| 12/01/2006 | ⊜7 | NOTICE OF APPEARANCE by Richard Henry Dolan on behalf of Verizon Communications Inc., MCI Inc. (Dolan, Richard) (Entered: 12/01/2006) |
| 12/04/2006 | ⊜8 | REQUEST FOR WAIVER OF SERVICE sent to Virgin Mobile USA, LLC. Document filed by Caamano & Bonomo, Professional Realty and Travel |

| | | Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
|---|---|---|
| 12/04/2006 | 9 | REQUEST FOR WAIVER OF SERVICE sent to T-Mobile USA, Inc.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | 10 | REQUEST FOR WAIVER OF SERVICE sent to Sprint Nextel Corp.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | 11 | REQUEST FOR WAIVER OF SERVICE sent to Qwest Corp.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | 12 | REQUEST FOR WAIVER OF SERVICE sent to MCI Inc.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | 13 | REQUEST FOR WAIVER OF SERVICE sent to Global Crossing North America Inc.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. |

| | | |
|---|---|---|
| | | Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | ⊜14 | REQUEST FOR WAIVER OF SERVICE sent to Century Tel Inc.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | ⊜15 | REQUEST FOR WAIVER OF SERVICE sent to BellSouth Corporation. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | ⊜16 | REQUEST FOR WAIVER OF SERVICE sent to AT&T Inc.. Document filed by Caamano & Bonomo, Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Request for Waiver Mailed on 10/30/2006. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | ⊜17 | WAIVER OF SERVICE RETURNED EXECUTED. Sprint Nextel Corp. waiver sent on 10/30/2006, answer due 12/29/2006. Document filed by Caamano & Bonomo; Professional Realty and Travel Service, Inc.; Anthony Belloni; Donald T. Bonomo; Colleen Elvin; Shellyann Lewis. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | ⊜18 | WAIVER OF SERVICE RETURNED EXECUTED. AT&T Inc. waiver sent on 10/30/2006, answer due 12/29/2006. Document filed by Caamano & Bonomo; Professional Realty and Travel Service, Inc.; Anthony Belloni; Donald T. Bonomo; Colleen Elvin; Shellyann |

| | | Lewis. (Neufeld, Christopher) (Entered: 12/04/2006) |
|---|---|---|
| 12/04/2006 | 19 | WAIVER OF SERVICE RETURNED EXECUTED. T-Mobile USA Inc. waiver sent on 10/30/2006, answer due 12/29/2006. Document filed by Caamano & Bonomo; Professional Realty and Travel Service, Inc.; Anthony Belloni; Donald T. Bonomo; Colleen Elvin; Shellyann Lewis. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/04/2006 | 20 | WAIVER OF SERVICE RETURNED EXECUTED. Global Crossing North America Inc. waiver sent on 10/30/2006, answer due 12/29/2006. Document filed by Caamano & Bonomo; Professional Realty and Travel Service, Inc.; Anthony Belloni; Donald T. Bonomo; Colleen Elvin; Shellyann Lewis. (Neufeld, Christopher) (Entered: 12/04/2006) |
| 12/06/2006 | 21 | STIPULATION AND ORDER that dft Time Warner Inc.'s time to answer, move, or otherwise respond to the complaint in this action is extended to and including 12/30/06. (Signed by Judge Deborah A. Batts on 11/26/06) (dle, ) (Entered: 12/07/2006) |
| 12/06/2006 | | Set Answer Due Date purs. to 21 Stipulation and Order as to Time Warner Inc. answer due on 12/30/2006. (dle, ) (Entered: 12/07/2006) |
| 12/15/2006 | 22 | MOTION for John P. Frantz, Joseph D. Lee and Daniel P. Collins to Appear Pro Hac Vice. Document filed by Verizon Communications Inc., MCI Inc. (jco, ) (Entered: 12/18/2006) |
| 12/21/2006 | 23 | AMENDED COMPLAINT amending 1 Complaint, against Verizon Communications Inc., AT&T Inc., Sprint Nextel Corp., Time Warner Inc., MCI Inc., T-Mobile USA Inc., Global Crossing North America Inc., Virgin Mobile USA LLC, Alltel Corp., Qwest Corp., Bellsouth Corporation, Century Tel Inc.Document filed by Caamano & Bonomo, |

| | | Professional Realty and Travel Service, Inc., Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis. Related document: 1 Complaint, filed by Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis, Caamano & Bonomo, Professional Realty and Travel Service, Inc.(jco, ) (Entered: 12/26/2006) |
|---|---|---|
| 12/29/2006 | 25 | MOTION for Burton A. Gross and Daniel L. Geyser to Appear Pro Hac Vice. Document filed by Verizon Communications Inc., MCI Inc. (jco, ) (Entered: 01/04/2007) |
| 01/03/2007 | 24 | ORDER granting 22 Motion for John P. Frantz, Joseph D. Lee and Daniel P. Collins to Appear Pro Hac Vice . (Signed by Judge Deborah A. Batts on 12/20/2006) (jmi, ) Modified on 1/11/2007 (jmi, ). (Entered: 01/04/2007) |
| 01/03/2007 | | Transmission to Attorney Admissions Clerk. Transmitted re: 24 Order on Motion to Appear Pro Hac Vice, to the Attorney Admissions Clerk for updating of Attorney Information. (jmi, ) (Entered: 01/11/2007) |
| 01/05/2007 | | CASHIERS OFFICE REMARK on 24 Order on Motion to Appear Pro Hac Vice in the amount of $75.00, paid on 12/15/2006, Receipt Number 600292. (gm, ) (Entered: 01/05/2007) |
| 01/08/2007 | | CASHIERS OFFICE REMARK on 25 Motion to Appear Pro Hac Vice in the amount of $50.00, paid on 12/29/2006, Receipt Number 601311. (jd, ) (Entered: 01/08/2007) |
| 01/12/2007 | 26 | MOTION for P. Scott Wollenson to Appear Pro Hac Vice. Document filed by Century Tel Inc.(jco) (Entered: 01/18/2007) |
| 01/19/2007 | 28 | MOTION for Alejandro N. Mayorkas and Sandra Sepulveda to Appear Pro Hac Vice. Document filed by |

| | | Qwest Corp.(jco) (Entered: 01/25/2007) |
|---|---|---|
| 01/23/2007 | ☜27 | ENDORSED LETTER addressed to Judge Deborah A. Batts from Susan L. Saltzstein dated 1/19/07 re: Counsel writes to request that Your Honor stay all proceedings in this action, including the briefing schedule reflected in the Stipulation, until the matter of the conditional transfer has been resolved. So Ordered. (Signed by Judge Deborah A. Batts on 1/22/07) (jco) (Entered: 01/24/2007) |
| 01/23/2007 | ☜ | (Court only) *** Set/Clear Flags *** Added flag (s):STAYED. (jco) (Entered: 01/24/2007) |
| 01/26/2007 | ☜ | CASHIERS OFFICE REMARK in the amount of $50.00, paid on 01/19/2007, Receipt Number 602959. Payment pro hac vice for Alejandro N. mayorkas and Sandra Sepulveda (jd) (Entered: 01/26/2007) |
| 01/29/2007 | ☜ | CASHIERS OFFICE REMARK on 26 Motion to Appear Pro Hac Vice in the amount of $25.00, paid on 01/12/2007, Receipt Number 602386. (jd) (Entered: 01/29/2007) |
| 02/08/2007 | ☜29 | NOTICE OF APPEARANCE by Robert A. O'Hare, Jr on behalf of Century Tel Inc. (O'Hare, Robert) (Entered: 02/08/2007) |
| 05/02/2007 | ☜30 | NOTICE OF APPEARANCE by Nicole Diane Mariani on behalf of Alltel Corp. (Mariani, Nicole) (Entered: 05/02/2007) |
| 05/02/2007 | ☜31 | NOTICE OF APPEARANCE by Michael Barry Carlinsky on behalf of Alltel Corp. (Carlinsky, Michael) (Entered: 05/02/2007) |
| 05/21/2007 | ☜32 | CERTIFIED TRUE COPY OF CONDITIONAL MDL TRANSFER OUT ORDER FROM THE MDL PANEL...transferring this action from the U.S.D.C. - S.D.N.Y to the United States District Court - District of Columbia (Signed by Judge MDL Panel on |

| | | 4/19/2007) (laq) Additional attachment(s) added on 6/6/2007 (Aquino, Lourdes). (Entered: 05/23/2007) |
|---|---|---|
| 05/21/2007 | | MDL TRANSFER OUT: Mailed documents numbered 1-32, certified copy of docket entries and transfer order along with letter of acknowledgment to the United States District Court - District of Columbia. Mailed via Federal Express AIRBILL # 8605 6652 0607 on 5/23/7. (laq) (Entered: 05/23/2007) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BATTS

---

ANTHONY BELLONI; DONALD T. BONOMO;
COLLEEN ELVIN; SHELLYANN LEWIS; CAAMANO
& BONOMO; PROFESSIONAL REALTY AND TRAVEL
SERVICE, INC.; individually and on behalf of all others
similarly situated,

Plaintiffs,

- against -

VERIZON COMMUNICATIONS INC.; AT&T INC.;
SPRINT NEXTEL CORP.; TIME WARNER INC.; MCI
INC.; T-MOBILE USA INC.; GLOBAL CROSSING
NORTH AMERICA INC.; VIRGIN MOBILE USA LLC;
ALLTEL CORP.; QWEST CORP.; BELLSOUTH
CORPORATION; CENTURY TEL INC.; JOHN DOES 1-
500; DOE CORPORATIONS 1-500; and DOE ENTITIES
1-500,

Defendants.

---

"E.C.F. Case"

06 CV 11459

**CLASS ACTION
COMPLAINT**

JURY TRIAL
DEMANDED



RECEIVED
OCT 30 2006
U.S.D.C. S.D. N.Y.
CASHIERS

---

Plaintiffs, Anthony Belloni, Donald T. Bonomo, Colleen Elvin, Shellyann Lewis,

Caamano & Bonomo, and Professional Realty and Travel Service, Inc., individually and on

behalf of a class of persons and businesses similarly situated, state against Defendants as

follows:

### NATURE OF THE CASE

1.      Plaintiffs bring this action under federal communication carrier laws for money damages

and other appropriate relief to compensate long distance telephone customers (hereinafter, the

"Class"), for the harm they suffered as a result of Defendants improper and illegal collection of

monies under the guise of the Internal Revenue Code of 1986, as amended, section 4251, *et. seq.*

(the "Communications Excise Tax").

2.      Since Defendants began shifting to flat-rate long distance telephone services, in or about 1997, Defendants have been directly responsible for the improper and illegal collection and remittance of monies under the guise of the Communications Excise Tax.

3.      The Internal Revenue Service has recently conceded to the judicial authority of the Federal Courts that the Communications Excise Tax was not applicable to long distance telephone services if the customer was charged a flat rate, with no variance with respect to the distance.

4.      Nevertheless, the role of the Internal Revenue Service is but one aspect of this legal saga, as Title 47, Chapter 5 of the United States Code explicitly precluded Defendants from collecting and remitting these monies in the first instance.

5.      Not only were Defendants forbidden from collecting and remitting this money, which constituted an unlawful charge, Defendants were obligated to report the basis of the revised charge to the Federal Communications Commission (the "Commission") and the public (their customers), actions that Defendants purposefully failed to undertake out of their own financial self-interest.

6.      Defendants' actions also constituted a breach of contract with each of their customers.

7.      Additionally, Defendants' actions and omissions constituted a breach of their fiduciary duty to their customers, which was perpetuated in part by Defendants' self-interest and desire for financial expediency.

8.      Yet, to maintain this improper and illegal scheme of collection and remittance, it was necessary that Defendants conspired amongst themselves; for as this ongoing conspiracy developed, it became ever more important to shift attention unto the Internal Revenue Service, in an effort to evade detection of their own impropriety and illegality.

2

9.      This action, however, aims to illuminate the impropriety and illegality of Defendants with respect to their collection and remittance of monies under the guise of the Communications Excise Tax, for which they are liable for the full amount of damages that they have inflicted.

## JURISDICTION AND VENUE

10.     This action arises under the laws of the United States, more specifically the provisions of Title 47, Chapter 5 of the United States Code, and as such this action constitutes a federal question pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court.

11.     This Court also has federal question jurisdiction over this action pursuant to 47 U.S.C. § 207, which confers jurisdiction in any district court of the United States to bring suit for the recovery of damages from which a common carrier may be liable under the provisions of Title 47, Chapter 5 of the United States Code.

12.     This Court also has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2004, which, *inter alia*, amends 28 U.S.C. § 1332 to amend a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any number of a class of plaintiffs is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000.00). See 28 U.S.C. § 1332(d)(2) and (6).

13.     This Court has personal jurisdiction over the parties because Plaintiffs submit to the jurisdiction of the Court and many Defendants systematically and continually conduct business in this District, including marketing, advertising, selling and servicing directly to residents of this District.

14.     The Court also has personal jurisdiction over this action pursuant to 47 U.S.C. § 207, which confers jurisdiction in any district court of the United States to bring suit for the recovery

of damages from which a common carrier may be liable under the provisions of Title 47, Chapter 5 of the United States Code.

15.    Venue is proper in this District pursuant to 47 U.S.C. § 207 and 28 U.S.C. § 1391(b) as this is a judicial district in which a substantial part of the events and omissions giving rise to the claims occurred.

## **PARTIES**

16.    Plaintiff Anthony Belloni, is a citizen of the City of Roselle, the State of New Jersey, who has contracted for the provision of long-distance telephone services from long-distance telephone service providers including Verizon Communications Inc.

17.    Plaintiff Donald T. Bonomo, is a citizen of the City of Roselle, the State of New Jersey, who has contracted for the provision of long-distance telephone services from long-distance telephone service providers including Verizon Communications Inc.

18.    Plaintiff Colleen Elvin, is a citizen of the City of Bronx, the State of New York, who has contracted for the provision of long-distance telephone services from various long-distance telephone service providers including AT&T Inc. and MCI Inc.

19.    Plaintiff Shellyann Lewis, is a citizen of the City of Bronx, the State of New York, who has contracted for the provision of long-distance telephone services from various long-distance telephone service providers including AT&T Inc. and MCI Inc.

20.    Plaintiff Caamano & Bonomo, is a law firm in the City of Newark, the State of New Jersey, which has contracted for the provision of long-distance telephone services from long-distance telephone service providers including Verizon Communications Inc.

21.    Plaintiff Professional Realty and Travel Service, Inc., is a New York corporation with its offices located in the City of Bronx, the State of New York, which has contracted for the

4

provision of long-distance telephone services from long-distance telephone service providers including Verizon Communications Inc.

22.    Defendant Verizon Communications Inc. (hereinafter "Verizon") is a Delaware corporation with its principal executive offices located in New York, New York. Verizon is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

23.    Defendant AT&T Inc. (hereinafter "AT&T") is a Delaware corporation with its principal executive offices located in San Antonio, Texas.    AT&T is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District through its subsidiary corporations, AT&T Corp. and AT&T Communications of New York, Inc.

24.    Defendant Sprint Nextel Corp. (hereinafter "Sprint") is a Kansas corporation with its principal executive offices located in Reston, Virginia. Sprint is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

25.    Defendant Time Warner Inc. (hereinafter "Time Warner") is a Delaware corporation with its principal executive offices located in New York, New York. Time Warner is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

26.    Defendant MCI Inc. (hereinafter "MCI") is a Delaware corporation with its principal executive offices located in Clinton, Mississippi. MCI is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

27.     Defendant T-Mobile USA Inc. (hereinafter "T-Mobile") is a Delaware corporation with its principal executive offices located in Bellevue, Washington.    T-Mobile is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

28.     Defendant Global Crossing North America Inc. (hereinafter "Global Crossing") is a New York corporation with its principal executive offices located in Pittsford, New York.   Global Crossing is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

29.     Defendant Virgin Mobile USA LLC (hereinafter "Virgin") is a Delaware limited liability company registered with the State of New York with its principal executive offices located in Walnut Creek, California.   Virgin is a telephone communications company providing long-distance telephone services to members of the proposed Class, and conducts substantial business in this District.

30..    Defendant Qwest Corp. (hereinafter "Qwest") is a Colorado corporation with its principal executive offices located in Denver, Colorado.   Qwest is a telephone communications company providing long-distance telephone services to members of the proposed Class.

31.     Defendant BellSouth Corporation (hereinafter "BellSouth") is a Georgia corporation with its principal executive offices located in Atlanta, Georgia.    BellSouth is a telephone communications company providing long-distance telephone services to members of the proposed Class.

32.     Defendant Century Tel Inc. (hereinafter "Century Tel") is a Louisiana corporation with its principal executive offices located in Monroe, Louisiana.    Century Tel is a telephone

communications company providing long-distance telephone services to members of the proposed Class.

33.     The named defendants conspired with other domestic long-distance telephone carriers (John Does 1-500, Doe Corporations 1-500, and Doe Entities 1-500), in part through the US Telecom Association, CTIA – The Wireless Association and the Coalition of Service Industries, wherein said involvement in the alleged conspiracy will become evident during the discovery process, whereupon the co-conspirators will be added to this action as co-defendants.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3) on behalf of themselves and all other members of the Class who have paid and received flat-rate long distance telephone services from Defendants and have been damaged by Defendants' illegal and improper collection of monies under the guise of remittance of the Communications Excise Tax as more fully alleged herein.

35.     The Class satisfies Fed. R. Civ. P. 23(a)(1) requiring the class to be "so numerous that joinder of all members is impracticable." See Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir.) (to satisfy the numerosity requirement, plaintiffs must show that joinder is "impracticable," not that it is "impossible.") Plaintiffs estimate the Class consists of the majority of American taxpayers who have contracted with telephone carriers for the provision of flat-rate long distance telephone services. See Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity is presumed when a class consists of forty or more members). Because of the size of the Class, the geographic dispersion of Class members and the inability to identify all members of the Class, it would be impracticable to join all members in this action.

7

36.    The Class satisfies Fed. R. Civ. P. 23(a)(2) requiring "questions of law or fact common to

the class." See Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001);

Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997) (per curiam); In re Agent Orange Prod.

Liab. Litig., 818 F.2d 145, 166-67 (2d Cir. Cir. 1987).    The commonality and typicality

requirements of Rule 23(a) tend to merge into one another, as both "serve as guideposts for

determining whether ... the named plaintiff's claim and the class claims are so inter-related that

the interests of the class members will be fairly and adequately protected in their absence."

Caridad v. Metro North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999) (quoting General Tel.

Co. v. Falcon, 457 U.S. 147, 157 n.13 (1982)).    Plaintiffs have identified numerous common

questions of law and fact, including:

      a.    What actions were taken by Defendants, if any, when they altered their fee

          structure to a flat-rate for long distance telephone services to comply with their

          legal obligations (statutory and common law) relative to Plaintiffs and the Class?

      b.    Why did Defendants collect monies from Plaintiffs and the Class under the guise

          of the Communications Excise Tax when it was expressly prohibited under Title

          47, Chapter 5 of the United States Code?  And to what extent did Defendants'

          conspiracy influence this action on the part of each Defendant?

      c.    Why did Defendants remit the monies collected under the guise of the

          Communications Excise Tax from Plaintiffs and the Class when it was expressly

          prohibited under Title 47, Chapter 5 of the United States Code?  And to what

          extent did Defendants' conspiracy influence this action on the part of each

          Defendant?

d. Why did Defendants fail to advise the Commission and their customers (Plaintiffs and the Class) that the monies they were collecting and remitting did not constitute the Communications Excise Tax? And to what extent did Defendants' conspiracy influence this action on the part of each Defendant?

e. Why did Defendants breach their contracts with their customers (Plaintiffs and the Class) by improperly and illegally collecting monies under the guise of the Communications Excise Tax? And to what extent did Defendants' conspiracy influence this action on the part of each Defendant?

f. Why did Defendants not fulfill their fiduciary duty to Plaintiffs and the Class, which had been further mandated and codified in Title 47, Chapter 5 of the United States Code? And to what extent did Defendants' conspiracy influence this action on the part of each Defendant?

g. Was there any ambiguity as to Defendants' responsibilities under Title 47, Chapter 5 of the United States Code? Was not the prevailing judicial authority regarding Defendants' responsibilities under Title 47, Chapter 5 of the United States Code abundantly clear?

h. What precipitated the industry-wide refusal by Defendants to comply with Title 47, Chapter 5 of the United States Code upon Defendants switching to the provision of flat-rate long distance telephone services?

i. How was a uniform industry-wide position to improperly and illegally collect monies under the guise of the Communications Excise Tax achieved unless Defendants conspired with one another?

j.  What communications led to the coordinated actions of Defendants to intentionally (i) violate Title 47, Chapter 5 of the United States Code, (ii) breach the contracts that Defendants had imposed upon their customers (Plaintiffs and the Class) and (iii) violate their fiduciary duty to their customers (Plaintiffs and the Class)?

k.  What was the full scope and extent of Defendants' strategy to divert public attention unto the Internal Revenue Service for the improper assessment of the Communications Excise Tax, as opposed to their own culpability in this matter?

l.  To what extent have Plaintiffs and the Class been damaged by Defendants' actions? What is the amount of damages incurred by Plaintiffs and the Class?

37.     The Class satisfies Fed. R. Civ. P. 23(a)(3) requiring representative parties to have claims or defenses that are "typical to the claims or defenses of the class." The typicality requirement is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Robinson, 267 F.3d at 155 (citation omitted); see also In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). The factual background of each named plaintiff's claim need not be identical to that of all of the class members as long as "the disputed issue of law or fact occup[ies] essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." Caridad, 191 F.3d at 293 (citation omitted). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." Robidoux, 987 F.2d at 936-37. The course of conduct alleged by Plaintiffs pertains to Defendants' knowingly improper and illegal collection of monies

under the guise of the Communications Excise Tax.    The claims of the named plaintiffs arise from that course of conduct and are typical of the claims of the Class.

38.    The Class satisfies Fed. R. Civ. P. 23(a)(4) requiring that "the representative parties will fairly and adequately protect the interests of the class." Plaintiffs and their counsel will fairly and adequately protect the interests of the Class, as they are in conformity with the interests of the Class. The named Plaintiffs' interests are directly aligned with those of the absent class members. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) (citation omitted) (a class representative must "possess the same interest and suffer the same injury as the class members.")

39.    The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages, thereby making appropriate monetary relief with respect to members of the class under Fed. R. Civ. P. 23(b)(3). The predominance requirement evaluates whether a proposed class is cohesive enough to merit adjudication by representation. See Moore v. PaineWebber, Inc., 306 F.3d 1247, 1252 (2d Cir. 2002). Predominance will be established if "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject to individual proof." Id. The predominance requirement is met as the damage has been inflicted by Defendants knowingly improper and illegal collection of monies under the guise of the Communications Excise Tax. Furthermore, the statutory violations cited hereinafter illustrate why the common questions will overwhelm the proof and legal issues at trial.

40.     Rule 23(b)(3) also requires Plaintiffs to demonstrate that "a class action is superior to

other available methods for the fair and efficient adjudication of the controversy." The factors

that are relevant to the analysis of the superiority of the class action device include:

> (A) the interests of the members of the class in individually controlling the
> prosecution or defense of separate actions; (B) the extent and nature of any
> litigation concerning the controversy already commenced by or against members
> of the class; (C) the desirability or undesirability of concentrating the litigation of
> the claims in the particular forum; (D) the difficulties likely to be encountered in
> the management of a class action. Fed. R. Civ. P. 23(b)(3)

For the reasons hereinabove set forth, a class action is clearly the superior method for the fair and

efficient adjudication of this lawsuit. Furthermore, as the damages suffered by the individual

members may be relatively small and/or difficult to appropriate, the expense and burden of

individual litigation makes it impossible for members of the Class to individually redress the

wrongs done to them. There will be no difficulty in the management of this action as a class

action.

## THE BASIS OF THE CLAIMS

41.     The allegations in this Complaint are made upon knowledge with respect to the realities

faced by Plaintiffs, and upon facts obtained through an investigation conducted by Plaintiffs'

undersigned counsel, which included among other things, reviews of pertinent court proceedings

and decisions pertaining to Title 47, Chapter 5 of the United States Code and the

Communications Excise Tax, public filings with the Federal Communications Commission,

Securities & Exchange Commission and Internal Revenue Service, Defendants' own

submissions to the government, public records, reports, transcripts, press releases, articles in the

general press, and other publicly available information concerning Defendants, Title 47, Chapter

5 of the United States Code and the Communications Excise Tax.

12

42.    Plaintiffs' investigation of this action is continuing.    Plaintiffs' counsel has yet to commence court-sanctioned discovery.    Plaintiffs anticipate that a substantial amount of information and documentation germane to this action will be produced during the course of court-sanctioned discovery.

43.    In light of the foregoing, Plaintiffs reserve the right to amend their complaint further, in accordance with the Federal Rules of Civil Procedure and controlling cases, if and when information relevant to the claims of this Complaint, or potential claims against others not named in this pleading, is obtained.

## SUBSTANTIVE COMMUNICATIONS
## EXCISE TAX ALLEGATIONS

44.    The Communications Excise Tax, that Defendants improperly and illegally collected and remitted to the Internal Revenue Service, is imposed pursuant to section 4251(a)(1) of the Internal Revenue Code on certain "communication services."

45.    Pursuant to subsections (a), (b) and (c) of section 4251, the Communications Excise Tax is imposed only with respect to three types of services: (i) "local telephone service," (ii) "toll telephone service" and (iii) "teletypewriter exchange service."

46.    Under section 4252(a), "local telephone service" is defined to include "access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system."

47.    Section 4252(b) defines "toll telephone service" to include: (i) "a telephonic quality communication" for which there is "a toll charge which varies in amount with the distance and elapsed time of each individual communication," and such charge is paid within the United States, and (ii) "a service which entitles the subscriber, upon payment of a periodic charge

13

(determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephone communications to or from all or a substantial portion of the persons" that have telephone access in a specified area outside of the local telephone system area.

48.     Pursuant to section 4252(c), "teletypewriter exchange service" is defined as "the access from a teletypewriter or other data station to the teletypewriter exchange system of which such station is a part, and the privilege of intercommunication by such station with substantially all persons having teletypewriter or other data stations constituting a part of the same teletypewriter exchange system, to which the subscriber is entitled upon payment of a charge  or charges (whether such charge or charges are determined as a flat periodic amount, on the basis of distance and elapsed transmission time, or in some other manner)."

49.     Beginning in or about 1997 with AT&T, and adopted by the other Defendants shortly thereafter, Plaintiffs and the Class were shifted by Defendants to long distance telephone services that assessed a flat-rate irrespective of distance ("flat-rate long distance telephone service"). Plaintiffs and the Class were charged either a flat rate per minute or a flat rate per call for long distance telephone services, which constituted a distinct element of the flat-rate long distance telephone services that were imposed by Defendants.

50.     Defendants' flat-rate long distance telephone services did not constitute local telephone services pursuant to section 4252(a). See America Online, Inc. v. United States, 64 Fed. Cl. 571, 582-83 (Fed. Cl. 2005); Honeywell Int'l. v. United States, 64 Fed. Cl. 188, 203 (Fed. Cl. 2005).

51.     The flat-rate long distance telephone charges levied by Defendants on Plaintiffs and the Class for said telephone services did not vary in amount with the distance and elapsed time of

14

each call, and did not constitute a periodic charge determined as a flat amount or on the basis of elapsed transmission time.

52.     The flat-rate long distance telephone services provided by Defendants did not entitle Plaintiffs or the Class or anyone calling Plaintiffs or the Class the privilege of an unlimited number of telephonic communications to or from all, or a substantial portion, of the persons who had telephone access in a specified area that that was outside of the local telephone system area in which the flat-rate long distance telephone services were provided.

53.     Defendants' flat-rate long distance telephone services did not constitute toll telephone services pursuant to 4252(b). See Fortis, Inc. v. United States, 420 F. Supp. 2d 166 (S.D.N.Y. 2004), aff'd. 447 F.3d 190 (2d Cir. 2006); see also America Online, 64 Fed. Cl. at 581-82; Honeywell Int'l., 64 Fed. Cl. at 198-203.

54.     The flat-rate long distance telephone services for which Plaintiffs and the Class paid Defendants did not provide Plaintiffs or the Class either (i) access from a teletypewriter or other data station to any teletypewriter exchange system or (ii) the privilege of intercommunication by any such station with substantially all persons that had teletypewriter or other data stations as part of the same teletypewriter exchange system.

55.     Defendants' flat-rate long distance telephone services did not constitute teletypewriter exchange services within the meaning of section 4252(c).

56.     Because the flat-rate long distance telephone services which Plaintiffs and the Class purchased from Defendants did not constitute (i) local telephone services, (ii) toll telephone services or (iii) teletypewriter exchange services, such services were not properly subject to the Communications Excise Tax, effectively precluding Defendants from collecting and remitting monies under the guise of the Communications Excise Tax.

15

## FIRST CAUSE OF ACTION
### FOR VIOLATION OF 47 U.S.C. § 203(c):
### OVERCHARGES AND REMITTANCE

57. Plaintiffs allege and incorporate by reference each and every allegation set forth above.

58. Defendants shift to a flat-rate for long distance telephone service necessitated Defendants to immediately discontinue charging and remitting the Communications Excise Tax.

59. Pursuant to 47 U.S.C. § 203(c)(1), Defendants were not permitted to "charge, demand, collect or receive" monies under the guise of the Communications Excise Tax once said tax was no longer applicable to long distance telephone services.

60. Pursuant to 47 U.S.C. § 203(c)(2), Defendants were not permitted to remit to the Internal Revenue Service the money they collected under the guise of the Communications Excise Tax once said tax was no longer applicable to long distance telephone services.

61. Defendants are liable to Plaintiffs and the Class for the full amount collected (47 U.S.C. § 203(c)(1)) and remitted (47 U.S.C. § 203(c)(2)) under the guise of the Communications Excise Tax once said tax was no longer applicable to long distance telephone services, together with attorney's fees, pursuant to 47 U.S.C. § 206.

## SECOND CAUSE OF ACTION
### FOR VIOLATION OF 47 U.S.C. § 203(a):
### PUBLIC DISCLOSURE

62. Plaintiffs allege and incorporate by reference each and every allegation set forth above.

63. With Defendants' shift to flat-rate long distance telephone services, Defendants were obligated pursuant to 47 U.S.C. § 203(a) to file with the Commission and print and keep open for public inspection schedules reflecting the non-applicability of the Communications Excise Tax with respect to their flat-rate long distance telephone services.

64.    47 U.S.C. § 203(a) clearly required Defendants to communicate the change in the applicable taxes, irrespective of the position of the Internal Revenue Service.

65.    Defendants were obligated to set forth the basis for each charge and in the event that the basis for any charge was eliminated, Defendants were obligated to communicate same pursuant to 47 U.S.C. § 203(a).

66.    Defendants failed to file with the Commission and communicate to the public the non-applicability of the Communications Excise Tax with respect to their flat-rate long distance telephone services as required by 47 U.S.C. § 203(a), which constitutes an omission for which Defendants are liable to Plaintiffs and the Class for the full amount of damages sustained therefrom, together with attorney's fees, pursuant to 47 U.S.C. § 206.

### THIRD CAUSE OF ACTION
### FOR BREACH OF CONTRACT

67.    Plaintiffs allege and incorporate by reference each and every allegation set forth above.

68.    Defendants' contracts with Plaintiffs and the Class stated that Defendants would collect and remit applicable excise taxes.

69.    The contracts never provided for the collection of a remittance to the Internal Revenue Service other than a legitimate, undisputed tax.

70.    The aforementioned contractual requirement was also necessitated under Title 47, Chapter 5 of the United States Code, which required a clear and accurate depiction of all charges levied upon Defendants' customers.

71.    As such, the imposition and collection of monies under the false guise of the Communications Excise Tax represents a clear breach of Defendants' contracts with Plaintiffs and the Class.

72.    Because Defendants breached their contracts with Plaintiffs and the Class, Defendants are liable for compensatory damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY

73.    Plaintiffs allege and incorporate by reference each and every allegation set forth above.

74.    Not only did Defendants have a statutory obligation to be entirely forthcoming as to all charges, Defendants had a similar common law fiduciary duty to inform and protect Plaintiffs and the Class.

75.    This fiduciary duty was borne in part by Title 47, Chapter 5 of the United States Code; the individual contracts with Plaintiffs and the Class; and the common law.

76.    Defendants' fiduciary duty was not limited to informing Plaintiffs and the Class of the inapplicability of the Communications Excise Tax, but also to advise Plaintiffs and the Class with respect to seeking a refund/return of the money which Defendants had improperly and illegally collected and remitted to the Internal Revenue Service.

77.    This fiduciary duty arose from the agency relationship which Defendants had imposed upon Plaintiffs and the Class in the provision of their services.  For purposes of commercial expediency, Defendants unilaterally imposed a fiduciary role unto themselves with respect to the collection and remittance of applicable charges and taxes.  This fiduciary obligation was governed in part by Title 47, Chapter 5 of the United States Code, as previously discussed, and as such, dictated absolute conformity with the law.  When Defendants deviated from applicable law, knowingly collecting and remitting monies that were not assessable under the Communications Excise Tax, Defendants were operating in breach of their fiduciary duty.

78.    Defendants merely sought to placate the Internal Revenue Service with their public averments as to the court decisions on the inapplicability of the Communications Excise Tax.

18

79.    To protect their own interest, Defendants chose not to fulfill their fiduciary obligations to

Plaintiffs and the Class, as this would have raised the ire of the Internal Revenue Service.

80.    Defendants had a fiduciary duty to challenge the applicability of the Communications

Excise Tax upon shifting to a flat-rate for long distance telephone services.

81.    Defendants had a fiduciary duty to challenge the assertions of the Internal Revenue

Service that Defendants collect and remit monies under the guise of the Communications Excise

Tax, when the law clearly indicated that said tax was not applicable to flat-rate long distance

telephone services.

82.    Defendants had a fiduciary duty to be honest and upfront with respect to all charges it

assessed upon Plaintiffs and the Class, instead of Defendants engaging in deceit and

nondisclosure with respect to their charges.

83.    Defendants had a fiduciary duty to provide Plaintiffs and the Class with all available

methods to recover all monies improperly and illegally collected by Defendants under the guise

of the Communications Excise Tax and remitted to the Internal Revenue Service.

84.    Plaintiffs and the Class have been injured as a direct, proximate and foreseeable result of

such breach on the part of Defendants and have suffered damages therefrom.

85.    Because Defendants acted with reckless and willful disregard for the rights of Plaintiffs

and the Class, Defendants are liable for compensatory and punitive damages in an amount to be

determined at trial.

### FIFTH CAUSE OF ACTION
### CONSPIRACY

86.    Plaintiffs allege and incorporate by reference each and every allegation set forth above.

87.    Defendants knowingly and willingly conspired and agreed among themselves to engage

in tortious activities and wrongful schemes set out in the allegations above.

19

88.    Defendants did the acts and things herein alleged pursuant to, and in furtherance of said conspiracy.

89.    Defendants furthered the conspiracy by cooperating with each other and/or lending aid and encouragement to, and/or ratifying and adopting the acts of each other in perpetrating the conspiracy herein alleged.

90.    Defendants understood that their ability to circumvent their obligations under Title 47, Chapter 5 of the United States Code was dependent upon the attainment and maintenance of an industry-wide policy with respect to the Communications Excise Tax.

91.    Defendants regularly communicated amongst themselves with respect to the formation and maintenance of industry-wide policy.

92.    Defendants' discussions with respect to industry-wide policy included the impact of Defendants shifting to a flat-rate for long distance telephone services and its impact on the applicability of the Communications Excise Tax.

93.    Defendants' discussions led to the realization that it was not in their mutual best interests to stop collecting and remitting monies under the guise of Communications Excise Tax on long distance telephone services.

94.    Defendants thus conspired to charge the "excise tax" on long distance telephone services when there was no variance in the rate as a result of distance, making the imposition of the Communications Excise Tax improper and illegal.

95.    Defendants conspiracy to support their continued improper and illegal collection and remittance of monies under the guise of the Communications Excise Tax included the issuance of joint statements by Defendants expressing their 'concern' over the uncertainty of the tax,

while having facilitated the improper and illegal imposition of said tax in contravention of the United States Code, contract and common law.

96.    Defendants public pronouncement on the Communications Excise Tax, issued after consultation with their fellow Defendant co-conspirators, formed part of their ongoing conspiracy to focus legal responsibility squarely on the government and the Internal Revenue Service.

97.    This publicity campaign was an effort at damage control by the Defendant co-conspirators, given their common recognition of the liability to which they were exposed by their improper and illegal actions.

98.    For this reason, Defendants are jointly and severally liable for all the damages inflicted upon Plaintiffs and the Class.

## JURY TRIAL DEMAND

99.    Plaintiffs demand trial by jury on all claims pursuant Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, in their respective capacities as members of the Class, pray for judgment against Defendants, jointly and severally, as follows:

   1) An order certifying this action as a plaintiff class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), certifying Plaintiffs as the Class Representatives and designating counsel as Plaintiff Class Counsel;

   2) Judgment in favor of Plaintiffs and the Class for the full amount of damages sustained therefrom, to be proven at the time of trial;

   3) Judgment in favor of Plaintiffs and the Class for punitive damages in an amount to be proven at the time of trial and sufficient to punish Defendants, set an example, and

21

deter Defendants and others from repeating similar injurious and deceptive misconduct as alleged above;

4) An order granting Plaintiffs and the Class the costs of prosecuting this action, together with pre- and post-judgment interest and reasonable attorneys' fees and costs; and

5) Such other and further relief as this Court may deem just and proper under the circumstances.

Dated: October 30, 2006
      New York, New York

                                   Respectfully submitted,

                                   By: _____
                                   Christopher Neufeld (CN-4074)

                             Christopher Neufeld (CN-4074)
                             Kelechi Onyeobia (KO-3360)
                             Law Offices of Kelechi O. Onyeobia, P.C.
                             1218 Walton Avenue, Suite 108
                             Bronx, New York 10452
                             646-660-1964