**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File: 07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 (RMU) |

**SPRINT NEXTEL CORPORATION'S MOTION TO DISMISS THE
AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Defendant Sprint Nextel Corporation ("Sprint") respectfully moves to dismiss the amended complaint in *Belloni v. Verizon Communications*, No. 06-cv-11459 for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). This Court lacks personal jurisdiction over Sprint in New York because Sprint is a Kansas Corporation doing no business in New York. The Declaration of Scott W. Andreason is attached hereto as Exhibit 1 and sets forth specific facts showing that Sprint has no contacts with the State of New York. This motion incorporates the Background and Argument of AT&T Inc.'s and Bellsouth Corporation's "Memorandum of Law in Support of AT&T Inc.'s and Bellsouth Corporation's Motion to Dismiss the Amended Complaint" ("AT&T's Memorandum in Support"). In addition, Sprint has filed its own memorandum of law in support of this motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) setting forth additional facts demonstrating this Court lacks jurisdiction over Sprint. For the reasons set forth in the accompanying memoranda, Sprint should be dismissed from this action for lack of personal jurisdiction.

Dated:  August 10, 2007              /s/ John W. Rogers
                                                      John W. Rogers
BRYAN CAVE LLP
One Metropolitan Square Building
211 N. Broadway, Suite 3600
St. Louis, Missouri  63102
(314) 259-2009
(314) 552-8009 (facsimile)

Attorneys for Defendant
Sprint Nextel Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File: 07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 (RMU) |

**MEMORANDUM OF LAW IN SUPPORT OF SPRINT NEXTEL CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Defendant Sprint Nextel Corporation ("Sprint") respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(2) in *Belloni v. Verizon Communications*, No. 06-cv-11459.[1] Sprint hereby incorporates the Background and Argument of AT&T Inc.'s and Bellsouth Corporation's "Memorandum of Law in Support of AT&T Inc.'s and Bellsouth Corporation's Motion to Dismiss the Amended Complaint" ("AT&T's Memorandum in Support"). For the reasons set

---

[1] In opposing plaintiffs' motion to vacate the JPML's Conditional Transfer Order, as well as a similar order filed by the plaintiffs in *Sloan et al. v. United States*, No. 06-cv-483 (D.D.C.), Sprint expressly preserved the defense of lack of personal jurisdiction. *See* Joint Memorandum of Defendants Alltel Corp., AT&T Inc., BellSouth Corp., CenturyTel Inc., Global Crossing North America Inc., Qwest Corp., Sprint Nextel Corp., Time Warner Inc., T-Mobile USE Inc., Verizon Communications Inc., Verizon Business Global LLC (formerly known as "MCI, Inc."), and Virgin Mobile USA LLC in Opposition to the Motion of the *Belloni* Plaintiffs to Vacate the Conditional Transfer Order (CTO-1) that Includes the *Belloni* Action in MDL-1798 at 1 n.1 (Mar. 8, 2007); Joint Memorandum of Defendants Alltel Corp., AT&T Inc., BellSouth Corp., CenturyTel Inc., Global Crossing North America Inc., Qwest Corp., Sprint Nextel Corp., Time Warner Inc., T-Mobile USE Inc., Verizon Communications Inc., Verizon Business Global LLC (formerly known as "MCI, Inc."), and Virgin Mobile USA LLC in Opposition to the Motion of the *Sloan* Plaintiffs to Vacate the Conditional Transfer Order (CTO-1) that Includes the *Belloni* Action in MDL-1798 at 2 n.1 (Feb. 21, 2007).

forth below and the reasons set forth in AT&T's Memorandum in Support, Sprint should be dismissed from this action for lack of personal jurisdiction.

## JURISDICTIONAL FACTS SPECIFIC TO SPRINT

Sprint is a Kansas Corporation with its principal place of business in Reston, Virginia. *See* Declaration of Scott W. Andreason ("Andreason Decl."), ¶ 3 (attached to Sprint Nextel Corporation's Motion to Dismiss the Amended Complaint Under Federal Rule of Civil Procedure 12(b)(2) as Exhibit 1). It is separate and distinct from other Sprint entities, including Sprint's operating subsidiaries. *Id.* Indeed, with the exception of operating a telephone repair business in Kansas, Sprint is merely a holding company with its operations primarily conducted by its subsidiaries, and it has no employees and provides no services to the public in New York, which is the relevant state for these purposes because it is the state in which this action was filed. *Id.* at ¶ 4, 5, 7.

Like AT&T and Bellsouth, Sprint does not conduct business in New York nor is it licensed or authorized to do so. *Id.* at ¶ 6. It does not provide communication services in New York, nor does it bill any customers for communication services. *Id.* at ¶ 7. In fact, Sprint does not assess or collect federal communications excise taxes from any customer in New York or any other state. *Id.* Likewise, because Sprint does not provide any communication services or assess or collect federal communications excise taxes in New York, it does not remit any federal communications excise tax to the government. *Id.*

Sprint does not have any offices in New York, does not own any real or personal property in New York, and has no contacts with the state that would provide a statutory or constitutional basis for New York courts to exercise personal jurisdiction over it. *Id.* at ¶ 8. Furthermore, Sprint does not have a mailing address in New York, pays no taxes to New York, and does not

advertise or solicit business in New York. *Id*. The Court thus lacks jurisdiction over Sprint, and thus Sprint should be dismissed from this action under Federal Rule of Civil Procedure 12(b)(2).

## CONCLUSION

For the reasons set forth above and in AT&T's Memorandum in Support, Sprint respectfully requests that this Court grant its motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(2).

Dated:  August 10, 2007                         */s/ John W. Rogers*
                                                                                                      John W. Rogers
BRYAN CAVE LLP
One Metropolitan Square Building
211 N. Broadway, Suite 3600
St. Louis, Missouri  63102
(314) 259-2009
(314) 552-8009 (facsimile)

Attorneys for Defendant
Sprint Nextel Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File: 07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 (RMU) |

### DECLARATION OF SCOTT W. ANDREASEN

STATE OF KANSAS        )
                       )
COUNTY OF JOHNSON      )

I, Scott W. Andreasen, being first duly sworn, hereby declare:

1. I am over 21 years of age and if called as a witness, I would and could testify competently to such matters. I make this declaration based on personal knowledge of the facts set forth herein, as well as my review of the books and records of Sprint Nextel Corporation ("S") that are kept in the ordinary course of its business and information provided to me by persons upon whom I regularly rely in the ordinary course of my duties.

2. I am the Assistant Secretary for Sprint Nextel Corporation. I have held this position since February 7, 2006. In connection with this position, I am familiar with the corporate structure of Sprint Nextel Corporation and its subsidiaries.

3. Sprint Nextel Corporation is a Kansas Corporation with its principal place of business in Reston, Virginia. It is separate and distinct from other Sprint entities, including Sprint Nextel Corporation's operating subsidiaries.

Exhibit 1

4. With the exception of operating a telephone repair business in Kansas, Sprint Nextel Corporation is merely a holding company with its operations primarily conducted by its subsidiaries. Sprint Nextel Corporation conducts no business in New York.

5. The business activities of Sprint Nextel Corporation consist of the ownership of interests in a variety of subsidiary entities operating in the telecommunications industry.

6. Sprint Nextel Corporation does not conduct business in New York and is neither licensed nor authorized to do so.

7. Sprint Nextel Corporation does not provide communication services or bill any customers for communication services, and therefore does not assess or collect federal communications excise taxes from any customer in New York or any other state. Likewise, because Sprint Nextel Corporation does not provide any communication services or assess or collect federal communications excise taxes in New York, it does not remit any federal communications excise tax to the federal government.

8. Sprint Nextel Corporation does not have a registered agent for service of process in New York. Sprint Nextel Corporation does not have any offices in New York, does not own any real or personal property in New York, does not have any employees in New York, does not have a mailing address in New York, pays no taxes to New York, and does not advertise or solicit business in New York.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct as of the date signed below.

Dated: June _1_, 2007

_____
SCOTT W. ANDREASEN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This document relates to:<br><br>*Belloni v. Verizon Communications, Inc.* | ) MDL Docket No. 1798<br>)<br>)<br>) Master File: 07-mc-0014 (RMU)<br>)<br>) Member Case: 07-cv-801<br>)<br>)<br>) |

**[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(2)**

WHEREAS Defendant Sprint Nextel Corporation ("Sprint") has brought a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) arguing that this Court lacks personal jurisdiction over it; and

Having considered the moving, opposing, and reply papers, the declarations and exhibits submitted in connection therewith, the argument of counsel at any hearing in this matter, and all other material properly before this Court, and good cause appearing therefore,

IT IS HEREBY ORDERED that, for the reasons stated in Sprint's Motion to Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(2), that Motion is hereby GRANTED in its entirety, and the claims against Sprint in the Amended Complaint are dismissed for lack of jurisdiction.

**SO ORDERED.**

_____                    _____
Dated                                                     Judge Ricardo M. Urbina
                                                                 United States District Judge