**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File: 07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 (RMU) |

**DEFENDANTS' JOINT MOTION TO DISMISS**
**THE AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)**

Defendants Alltel Corp.; AT&T Inc.; BellSouth Corp.; CenturyTel Inc.; Global Crossing

North America Inc.; Qwest Corp.; Sprint Nextel Corp.; Time Warner Inc.; T-Mobile USA, Inc.;

Verizon Communications Inc.; Verizon Business Global LLC (successor to MCI, Inc.); and

Virgin Mobile USA, LLC (collectively "Defendants"), who are defendants in *Belloni, et al. v.*

*Verizon Communications, Inc., et al.*, No. 06-cv-11459(DAB) (S.D.N.Y.) jointly move this Court

to dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1).  Plaintiffs, who purport to

represent a nationwide class of long-distance telephone subscribers, seek to hold Defendants

liable for allegedly complying with the Internal Revenue Code and treasury regulations

authorizing the collection and remittance of federal excise taxes ("FET") on long-distance

service.  Plaintiffs' claims are moot because the Internal Revenue Service ("IRS") has

established a mechanism for taxpayers to receive full refunds, including interest, of FET they

have paid on long-distance service.

The Court should also dismiss Defendants Alltel Corp., BellSouth Corp., CenturyTel

Inc., Global Crossing North America Inc., Qwest Corp., Sprint Nextel Corp., Time Warner Inc.,

T-Mobile USA, Inc. and Virgin Mobile USA, LLC on the additional ground that Plaintiffs lack

standing to sue them.  The Amended Complaint contains ***no*** allegations that any named Plaintiff

purchased services from any of these Defendants or that any named Plaintiff conducted any business with them. Because Plaintiffs do not allege that any of them have actually been injured by these Defendants' challenged conduct, they lack standing to assert claims against them.

This Motion is based upon the accompanying Memorandum of Law (filed concurrently herewith), the exhibits thereto, the files and records in this action, such additional authority and argument as may be presented in any Reply and at any hearing on this Motion, and such other matters of which this Court may take judicial notice.

Dated:  August 10, 2007                          Respectfully submitted,


 /s/  Daniel P. Collins                          /s/  Michael B. Carlinsky
Daniel P. Collins (DC Bar # 426546)       Michael B. Carlinsky
MUNGER, TOLLES & OLSON LLP                QUINN EMANUEL URQUHART
355 South Grand Avenue, 35th Floor          OLIVER & HEDGES, LLP
Los Angeles, CA 90071                     5 1 Madison Avenue, 22nd Floor
(213) 683-9125                            New York, New York 1 001 0
                                          (212) 849-7000
Attorneys for Defendants Verizon
Communications Inc. and Verizon           Attorneys for Defendant Alltel Corp.
Business Global LLC (successor to MCI,
Inc.)



 /s/  Michael K. Kellogg                          /s/  Michael K. Kellogg
Michael K. Kellogg (DC Bar # 372049)      Michael K. Kellogg (DC Bar # 372049)
Sean Lev (DC Bar # 449936)                Sean Lev (DC Bar # 449936)
KELLOGG, HUBER, HANSEN, TODD              KELLOGG, HUBER, HANSEN, TODD
  EVANS & FIGEL, P.L.L.C                    EVANS & FIGEL, P.L.L.C
1615 M Street, NW, Suite 400              1615 M Street, NW, Suite 400
Washington, DC 20036                      Washington, DC 20036
(202) 326-7900                            (202) 326-7900

Attorneys for Defendant AT&T Inc.         Attorneys for Defendant BellSouth Corp.

 /s/  P. Scott Wolleson
P. Scott Wolleson (La. Bar No. 22,691)
BREITHAUPT, DUNN, DUBOS,
  SHAFTO & WOLLESON, LLC
1800 Hudson Lane
Suite 200-A
Monroe, Louisiana 71201
(318) 322-1202


Attorneys for Defendant CenturyTel, Inc.



 /s/  Alejandro N. Mayorkas
Alejandro N. Mayorkas
Sandra Sepulveda
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000


Attorneys for Defendant Qwest Corp.



 /s/  Henk Brands
Henk Brands (DC Bar # 451710)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1615 L Street, N.W., Suite 1300
Washington, DC 20036-5694
(202) 223-7300


Attorneys for Defendant Time Warner Inc.

 /s/  Michael J. Shortley
Michael J. Shortley
1080 Pittsford-Victor Road
Pittsford, New York 14534
(585) 255-1429


Attorneys for Defendant Global Crossing
North America Inc.



 /s/  John W. Rogers
John W. Rogers
BRYAN CAVE LLP
One Metropolitan Square Building
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000


Attorneys for Defendant Sprint Nextel
Corp.



 /s/  Alan M. Unger
Alan M. Unger
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300


Attorneys for Defendant T-Mobile USA,
Inc.

 /s/  *Susan L. Saltzstein*
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-4132

Attorneys for Defendant
Virgin Mobile USA, LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION <br><br> This document relates to: <br><br> *Belloni v. Verizon Communications, Inc.* <br> . | ) MDL Docket No. 1798 <br> ) <br> ) Master File:  07-mc-0014 (RMU) <br> ) <br> ) Member Case:  07-cv-801 (RMU) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO
DISMISS THE AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)**

# TABLE OF CONTENTS

**Page No.**

INTRODUCTION ...............................................................................................................1

FACTUAL BACKGROUND

    I.     The IRS Has Established a Refund Process for Funds Collected as Federal
         Excise Tax on Long-Distance and Bundled Phone Service.....................................3

    II.    Plaintiffs File This Action.........................................................................................5

ARGUMENT

    I.     IRS Notice 2006-50 Renders Plaintiffs' Claims Moot ............................................3

    II.    Plaintiffs Lack Standing to Sue Alltel, BellSouth, CenturyTel, Global
         Crossing, Qwest, Sprint, Time Warner, T-Mobile and Virgin Mobile
         Because There Is No Allegation That Any Plaintiff Has Had Any Dealings
         With Them ...............................................................................................................10

         A.     Article III Standing Requires A Plaintiff To Show That He Or She
               Has Actually Been Injured By The Defendant's Challenged
               Conduct ......................................................................................................10

         B.     Plaintiffs Have Not Alleged That Any Of Them Have Actually
               Been Injured By The Challenged Conduct Of Most Defendants. .............11

CONCLUSION

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983)............................................................8

*Alliance to End Repression v. City of Chicago*, 820 F.2d 873 (7th Cir. 1987)...................9

*Ambalu v. Rosenblatt*, 194 F.R.D. 451 (E.D.N.Y. 2000)....................................................8

*American Bankers Insurance Group*, 408 F.3d 1328 (11th Cir. 2005) ..............................3

*Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007) ..................................12, 13

*Berens v. Ludwig*, 964 F. Supp. 1215 (N.D. Ill. 1997) ......................................................10

*Bouguettaya v. Chertoff*, 472 F. Supp. 2d 1 (D.D.C. 2007)...........................................6, 7

*Ciambriello v. County of Nassau*, 292 F.3d 307 (2d Cir. 2002)..................................12, 13

*Cook v. Colgate University*, 992 F.2d 17 (2d Cir. 1993) .....................................................9

*Cresswell v. Prudential-Bache Securities, Inc.*, 675 F. Supp. 106 (S.D.N.Y. 1987)...........8

*Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir. 1992).....................9

*In re Eaton Vance Corp. Sec. Litigation*, 220 F.R.D. 162 (D. Mass. 2004).....................12

*Eckstein v. Balcor Film Investors*, 8 F.3d 1121 (7th Cir. 1993) .........................................6

*Empagran S.A. v. F. Hoffman-La Roche Ltd.*, 453 F. Supp. 2d 1 (D.D.C. 2006).............11

*Fairhead v. Deleuw, Cather & Co.*, 817 F. Supp. 153 (D.D.C. 1993) ...............................8

*Granite State Outdoor Advert., Inc. v. Town of Orange*,
    303 F.3d 450 (2d Cir. 2002)......................................................................................7

*Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541 (D. Nev. 2004) ...........................12

*Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638 (2d Cir. 1998) ................6

*In re Korean Air Lines Disaster of September 1, 1983*,
    829 F.2d 1171 (D.C. Cir. 1987)................................................................................6

*Lamar Advertising of Penn, LLC v. Town of Orchard Park*,
    356 F.3d 365 (2d Cir. 2004)...................................................................................7, 9

*Larsen v. U.S. Navy*, __ F. Supp. 2d __, 2007 WL 1241861
    (D.D.C. April 30, 2007)............................................................................................8

*Lewis v. Casey*, 518 U.S. 343 (1996) ...............................................................................11

**Page No.**

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S. Ct. 1249,
108 L. Ed. 2d 400 (1990) ................................................................9

*Lillbask v. State of Connecticut Department of Education*,
397 F.3d 77 (2d Cir. 2005) ...........................................................6, 7

*LoBue v. Christopher*, 82 F.3d 1081 (D.C. Cir. 1996) ....................................11

*Luckett v. Bure*, 290 F.3d 493 (2d Cir. 1999) ................................................3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................10, 11

*Murphy v. Equifax Check Services, Inc.*, 35 F. Supp. 2d 200 (D. Conn. 1999)...................8

*Rains v. Byrd*, 521 U.S. 811 (1997) ...........................................................10

*Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) ........................................9

*In re Salomon Analyst Level 3 Litigation*, 350 F. Supp. 2d 477 (S.D.N.Y. 2004) ...........12

*In re Salomon Analyst Metromedia Litigation*,
373 F. Supp. 2d 235 (S.D.N.Y. 2005)..............................................11, 12

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976).........................11

*Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)..........................7

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003,
140 L.E.2d 210 (1998) ................................................................9

*In re United Mine Workers of America Employee Benefit Litigation*,
854 F. Supp. 914 (D.D.C. 1994) ......................................................6

*United States v. Parole Commission v. Geraghty*, 445 U.S. 338, 100 S. Ct. 1202,
63 L. Ed. 2d 479 (1980) ................................................................6

*Valley Forge Christian College v. Americans United for Separation of Church
and State, Inc.*, 454 U.S. 464 (1982).................................................10

*Van Wie v. Pataki*, 267 F.3d 109 (2d Cir. 2001)...........................................6, 7

*Vulcan Society v. Fire Department of the City of White Plains*,
82 F.R.D. 379 (S.D.N.Y. 1979) .....................................................12, 13

*Wilner v. OSI Collection Services, Inc.*, 198 F.R.D. 393 (S.D.N.Y. 2001) .........................8

*Zimmerman v. Bell*, 800 F.2d 386 (4th Cir. 1986).............................................9

**Page No.**

### STATE CASES

*Carson v. DaimlerChrysler Corp.*, 2003 WL 1618076 (Tenn. Ct. App. 2003)............9, 10

*In re Methyl Tertiary Butyl Ehter ("MTBE") Prod. Liability Litigation*,
    2005 WL 106936 (S.D.N.Y. 2005).................................................................................6

*Pierce Downer's Heritage Alliance v. Village of Downers Grove*,
    302 Ill. App. 3d 286, 704 N.E.2d 898 (1998) ..............................................................9

*Thurman v. Ill. Department of Public Aid*, 25 Ill. App. 3d 367,
    323 N.E.2d 502 (1975)..................................................................................................9

### DOCKETED CASES

*Belloni, et al. v. Verizon Communications, Inc., et al.*, No. 06-cv-11459 (DAB) ..............1

### FEDERAL STATUTES AND RULES

26 U.S.C. § 4252(b)(1) ...........................................................................................................3

28 U.S.C. § 1407......................................................................................................................6

47 U.S.C. § 203(a) ...................................................................................................................5

Fed. R. Civ. P. 12(b)(1)...............................................................................................1, 9, 14

Fed. R. Civ. P. 12(b)(6)............................................................................1, 3, 7, 9, 12, 13

### OTHER

IRS Notice 2005-79 .................................................................................................................3

IRS Notice 2006-50 ...........................................................................................3, 4, 6, 7, 8, 10

IRS Notice 2007-11 .................................................................................................................4

Rev. Rul. 79-404......................................................................................................................3

6A Federal Procedure, L. Ed. § 12:41 .................................................................................11

Defendants Alltel Corp.; AT&T Inc.; BellSouth Corp.; CenturyTel Inc.; Global Crossing North America Inc.; Qwest Corp.; Sprint Nextel Corp.; Time Warner Inc.; T-Mobile USA, Inc.; Verizon Communications Inc.; Verizon Business Global LLC (successor to MCI, Inc.); and Virgin Mobile USA, LLC (collectively "Defendants"), who are defendants in *Belloni, et al. v. Verizon Communications, Inc., et al.*, No. 06-cv-11459(DAB) (S.D.N.Y.), submit this Joint Memorandum in Support of Defendants' Joint Motion to Dismiss Amended Complaint Under Fed. R. Civ. P. 12(b)(1).

## INTRODUCTION

Plaintiffs, who purport to represent a nationwide class of long-distance telephone subscribers, seek to hold Defendants liable for allegedly complying with the Internal Revenue Code and treasury regulations authorizing the collection and remittance of federal excise taxes ("FET") on long-distance service.[1]  Plaintiffs contend that, because the courts ultimately ruled that the Internal Revenue Service ("IRS") was wrong in insisting that certain long-distance service was taxable, ***Defendants*** should be held liable to repay the sums they collected as FET and remitted to the IRS.  Even if Plaintiffs' causes of action against Defendants stated a claim for relief — which they do not[2] — those claims are moot because the IRS has established a mechanism for taxpayers to receive full "refunds of all excise tax they have paid on long-distance service billed to them after February 28, 2003."  *See* IR-2006-82 from May 25, 2006

---

[1] Defendants note that not all services provided by them involved the collection of FET from the ultimate consumers that Plaintiffs purport to represent.  *See, e.g.*, IRS Notice 2007-11, §§ 6, 7 (noting that, in the context of prepaid telephone cards and prepaid cellular phones, the "holder" (defined as an end consumer) was "not liable for the tax and thus cannot request a credit or refund" with respect to such service).  Of course, to the extent that Defendants did not collect FET from Plaintiffs, there can be no claim, and the complaint therefore seeks recovery only to the extent that FET was collected from Plaintiffs.  *See, e.g.*, First Amended Complaint ("FAC") ¶ 37, 39(b), 40.

[2] *See* Defendants' Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6).

(attached hereto as Exhibit 1); *see also* 2006 Form 1040 U.S. Individual Income Tax Return

(attached hereto as Exhibit 2).  Taxpayers also receive interest on the refund.  *Id*.

      In addition, Defendants Alltel Corp. ("Alltel"), BellSouth Corp. ("BellSouth"),

CenturyTel Inc. ("CenturyTel"), Global Crossing North America Inc. ("Global Crossing"),

Qwest Corp. ("Qwest"), Sprint Nextel Corp. ("Sprint"), Time Warner Inc. ("Time Warner"), T-

Mobile USA, Inc. ("T-Mobile") and Virgin Mobile USA, LLC ("Virgin Mobile") also seek

dismissal of Plaintiffs' Amended Complaint on the additional ground that Plaintiffs lack standing

to sue them.  The Amended Complaint contains ***no*** allegations that any named Plaintiff

purchased services from Alltel, BellSouth, CenturyTel, Global Crossing, Qwest, Sprint, Time

Warner, T-Mobile, or Virgin Mobile or that any named Plaintiff conducted any business with

them.  Plaintiffs Anthony Belloni, Donald T. Bonomo, Caamano & Bonomo, and Professional

Realty and Travel Services, Inc. allege that they have purchased long-distance telephone services

from Defendant Verizon Communications Inc. ("Verizon").  (Plaintiffs' Amended Class Action

Complaint ("FAC") ¶¶20-21, 24-25, 26.)  The two remaining Plaintiffs, Colleen Elvin and Shelly

Ann Lewis, allege that they purchased the same services from Defendants AT&T Inc. ("AT&T")

and MCI, Inc. (whose successor is known as "Verizon Business Global LLC") ("MCI").  (*Id*. at

¶¶ 22-23, 27, 30.)  The named Plaintiffs also allege that they purchased such services from other

unidentified long-distance service providers.  (*Id*. at ¶¶ 20-25.)  Because there is no allegation in

the Amended Complaint that any Plaintiff has been injured by the conduct of Alltel, BellSouth,

CenturyTel, Global Crossing, Qwest, Sprint, Time Warner, T-Mobile, or Virgin Mobile,

Plaintiffs do not have standing to assert a claim against them.

**FACTUAL BACKGROUND**

I.    **The IRS Has Established a Refund Process for Funds Collected as Federal Excise Tax on Long-Distance and Bundled Phone Service.**

Section 4252(b)(1) of the Internal Revenue Code ("IRC") imposes FET on long-distance service if "there is a toll charge which varies in amount with the distance **and** elapsed transmission time of each individual communication."  26 U.S.C. § 4252(b)(1) (emphasis added).  Despite the use of "and" in § 4252(b)(1), the IRS issued a revenue ruling in 1979 concluding that a "long distance telephone call for which the charge varies with elapsed transmission time but not with distance is toll telephone service described in § 4252(b)(1)."  IRS Notice 2006-50, § 2(c) (citing Rev. Rul. 79-404, 1979-2 C.B. 382) (Collins Decl., Ex. A[3]).  Thus, even as long-distance services shifted to calculating charges based only on time (and not distance), the IRS continued to require remittance of FET on long-distance.  *Id.*  More than 20 years later, several circuit courts disagreed with the IRS, *see*, *e.g.*, *American Bankers Ins. Group*, 408 F.3d 1328 (11th Cir. 2005), but in October 2005, the IRS stated that it would continue to litigate this issue and that collectors "should continue to collect the tax" and were "required to pay over the tax to the United States."  IRS Notice 2005-79 (Collins Decl., Ex. B).

After subsequently losing on this issue in four more circuits, however, the IRS announced on May 25, 2006 that it "would no longer litigate this issue."  IRS Notice 2006-50, § 1(a). Accordingly, the IRS announced that the FET would no longer apply to "long distance service"

---

[3] All referenced exhibits, with the exception of Exhibits 1 and 2, are attached to the Declaration of Daniel P. Collins in Support of Defendants' Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6).  All of these exhibits are properly subject to judicial notice and may be considered on a motion to dismiss, although Defendants also note that with respect to motion under Rule 12(b)(1), the Court is not so limited and may refer to additional evidence outside the pleadings, even if it is not subject to judicial notice.  *See Luckett v. Bure*, 290 F.3d 493 (2d Cir. 1999) (in resolving the question of whether a court has subject matter jurisdiction, a district court may refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists).  Exhibits 1 and 2 are attached hereto.

or to "bundled service," *i.e.*, "local and long distance service provided under a plan that does not separately state the charge for the local telephone service." *Id*., § 3(a), (d); *see also* IRS Notice 2007-11 (Collins Decl., Ex. C), §§ 4, 5 (clarifying definition of "bundled service" for purposes of IRS Notice 2006-50). At the same time, the IRS reaffirmed that FET must still be collected and paid over on "[l]ocal-only service." IRS Notice 2006-50, §§ 3(b), 4(b). To allow telecommunication companies sufficient time to reprogram their billing systems so as to implement the cessation of a tax they had been collecting for decades, the IRS authorized them to continue to collect and pay over FET on long-distance and bundled service billed on or before July 31, 2006. *Id*., § 4(c). For nontaxable service billed ***after*** July 31, 2006, the IRS directed collectors "to cease collecting and paying over tax." *Id*.

In the same Notice, the IRS also announced that it was establishing a process for taxpayers to request refunds of FET collected on nontaxable services. *See* IRS Notice 2006-50, § 5. Under this process, individual taxpayers may request a refund "on nontaxable service that was billed after February 28, 2003, and before August 1, 2006, only on their 2006 Federal income tax returns." *Id*., § 5(a)(2). For this time period, taxpayers would have the option of requesting on their 2006 return either a "safe harbor amount," for which no documentation would be required, or "the actual amount of tax they paid" (which must be documented by appropriate records). *Id*., § 5(a)(3), (c); *see also* IRS Notice 2007-11, § 3 (clarifying safe-harbor amounts available under IRS Notice 2006-50) and Ex. 2. For those seeking refunds of FET paid on nontaxable service billed before March 1, 2003, refund requests would not be handled on the 2006 tax return but must instead be submitted under the normal administrative procedures. *See* IRS Notice 2006-50, § 5(g)(2).

4

## II.     **Plaintiffs File This Action.**

Plaintiffs Anthony Belloni, Donald Bonomo, Colleen Elvin, Shelly Ann Lewis, Caamano & Bonomo, and Professional Realty and Travel Service, Inc. (collectively "Plaintiffs") filed this action on October 30, 2006, alleging five separate causes of action against twelve different telephone companies (as well as various John Doe individuals, corporations, and entities) stemming from those companies' alleged collection and remittance of the FET; they subsequently amended their complaint two months later. *See* Plaintiffs' Class Action Compl.; FAC (Dec. 18, 2006). Plaintiffs allege that Belloni, Bonomo and Caamano & Bonomo were customers of Verizon, and Elvin and Lewis were customers of AT&T and MCI. There is no named plaintiff who was a customer of Alltel, BellSouth, CenturyTel, Global Crossing, Qwest, Sprint, Time Warner, T-Mobile or Virgin Mobile.

While conceding that Defendants' alleged collection of the FET was consistent with the position taken by the IRS at the time in question, *see* FAC ¶ 84, and acknowledging that all funds collected through Defendants' actions were remitted to the federal government, *see* FAC ¶ 47, Plaintiffs nonetheless charge that Defendants' alleged collection of the tax violated their supposed tariffing obligations under 47 U.S.C. §§ 203(a) and (c), breached unspecified contracts between Plaintiffs and Defendants, violated certain fiduciary duties which Defendants allegedly owed to Plaintiffs, and involved an unlawful conspiracy on the part of Defendants. *See* FAC ¶¶ 60-91. Plaintiffs purport to assert all of these claims on behalf of a nationwide class of "American taxpayers" who have "been damaged by Defendants' illegal and improper collection of monies under the guise of remittance of the Communications Excise Tax." (FAC ¶¶ 37-38.)

The gravamen of Plaintiffs' operative FAC is that Defendants "were not permitted to remit to the Internal Revenue Service the money they collected under the guise of the

Communications Excise Tax once said tax was no longer applicable to their long distance telephone services." (FAC ¶ 63.) Accordingly, the FAC explicitly requests that Plaintiffs and the Class be awarded "the full amount collected … and remitted … under the guise of the Communications Excise Tax." (FAC ¶ 64, citations omitted.)

## ARGUMENT

### I.    IRS Notice 2006-50 Renders Plaintiffs' Claims Moot.

Article III of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." *Lillbask v. State of Connecticut Dept. of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 338, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980));[4] *Bouguettaya v. Chertoff*, 472 F.Supp.2d 1, 2 (D.D.C. 2007). "When the issues in dispute between the parties 'are no longer live, a case becomes moot.'" *Lillbask*, 397 F.3d at 84 (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) (quoting *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)). When a case becomes moot, the court —

---

[4] This suit was originally filed in the United States District Court for the Southern District of New York. After a transfer under 28 U.S.C. § 1407, there is some disagreement between courts regarding whether the law of the transferor or transferee court generally applies when the issue is one of federal law. *See, e.g., In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) ("the law of a transferor forum on a federal question … merits close consideration, but does not have stare decisis effect in a transferee forum situated in another circuit"); *cf., Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1127 (7th Cir. 1993) ("[w]hen law of the United States is geographically non-uniform, a transferee court should use the rule of transferor forum"); *In re United Mine Workers of Am. Employee Benefit Litig.*, 854 F.Supp. 914, 920-21 (D.D.C. 1994) (after transfer under 28 U.S.C. § 1407, district court applied statute of limitations of transferor court); *see also In re Methyl Tertiary Butyl Ehter ("MTBE") Prod. Liab. Litig.*, 2005 WL 106936, *4 (S.D.N.Y. 2005) (questioning whether Supreme Court's decision in *Lexicon v. Milberg Weiss Bershad Hynes & Lerach* undermined court's reasoning in *In re Korean Air Lines*). Here, this issue is largely academic because the federal law relied upon by Defendants in this motion is the same in the Second Circuit as it is in this Circuit.

whether trial, appellate, or Supreme — loses jurisdiction over the suit, and the case must be dismissed. *Lillbask*, 397 F.3d at 84; *Bouguettaya*, 472 F.Supp.2d at 2. Indeed, the court loses its power to act because there is nothing for it to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Plaintiffs filed this action seeking a refund of monies they allegedly paid to Defendants "under the guise of the Internal Revenue Code of 1986, as amended, section 4251, *et seq*." FAC ¶ 1. Plaintiffs' claimed damages are the FET allegedly collected by Defendants and remitted to the IRS. Under IRS Notice 2006-50, Plaintiffs have the right to a full refund (plus interest) of any FET they may have paid on nontaxable service. IRS Notice 2006-50, §5. Moreover, in Notice 2006-50, the IRS directed collectors "to cease collecting and paying over tax" (*Id.*, §4(c)), and there is no allegation that Defendants who were collecting FET have not complied with the IRS's direction.[5] Thus, assuming *arguendo* that Plaintiffs state a viable claim for relief against Defendants for allegedly collecting and remitting the FET as directed by the IRS (which, as discussed in Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), they have not), IRS Notice 2006-50 renders Plaintiffs' claims moot because they may obtain full relief pursuant to the refund procedure established in Notice 2006-50. And the IRS's direction to collectors "to cease collecting and paying over tax" (IRS Notice 2006-50, §4(c)) and the collecting Defendants' compliance with that direction — unchallenged by the Plaintiffs — demonstrates that "there is no reasonable expectation that the alleged violation will recur." *Lillbask*, 397 F.3d at 88; *Van Wie*, 267 F.3d at 113; *see also Lamar Advertising of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 375 (2d Cir. 2004); *Granite State Outdoor Advert., Inc. v. Town of Orange*,

---

[5] Plaintiffs' allegations that Defendants wrongfully collected and remitted FET are all in the past tense. Even those Defendants that collected and remitted FET on time-only long distance have not done so with respect to amounts billed after July 31, 2006, as directed by the IRS, and therefore Plaintiffs cannot in good faith allege any continuing violation.

303 F.3d 450, 451 (2d Cir. 2002); *Larsen v. U.S. Navy*, __ F.Supp.2d __, No. 02-2005, 2007 WL 1241861, *9 (D.D.C. April 30, 2007).

The fact that Plaintiffs may not yet have taken advantage of the available refund process does not create damages or otherwise save their claims from being moot.[6]  Courts in this Circuit and the Second Circuit have repeatedly held that when a plaintiff is offered all he could recover if his claim were fully litigated, a justiciable case or controversy no longer exists and the case should be dismissed for lack of subject matter jurisdiction.  *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983) (case dismissed for lack of subject matter jurisdiction where plaintiff offered full relief); *Fairhead v. Deleuw, Cather & Co.*, 817 F. Supp. 153, 160 (D.D.C. 1993) (plaintiff's lawsuit alleging age discrimination was moot because defendant offered "full relief" of reinstatement).  Indeed, courts have followed this precedent even where the plaintiff does not accept the offer.  *See, e.g., Wilner v. OSI Collection Services, Inc.*, 198 F.R.D. 393, 395 (S.D.N.Y. 2001) (where plaintiff offered full relief, court dismissed case as moot despite fact that plaintiff did not accept the offer); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) ("Having offered all that [plaintiff] could hope to recover through this litigation, 'there is no justification for taking the time of the court and the defendant in the pursuit of a miniscule individual claim which defendant has satisfied.'"); *Murphy v. Equifax Check Services, Inc.*, 35 F.Supp.2d 200, 203 (D. Conn. 1999) (dismissing plaintiff's Fair Debt Act claim as moot because defendant "agreed to give the plaintiff full relief"); *Cresswell v. Prudential-Bache Securities, Inc.*, 675 F.Supp. 106, 108 (S.D.N.Y. 1987) (granting defendant's motion to dismiss where

---

[6] Of Course, Plaintiffs and the vast majority of purported class members surely took advantage of the IRS refund of the FET when they filed their 2006 federal income tax return.  *See* IRS Notice 2006-50 & Ex. 2.

defendant tendered the full amount plaintiff could obtain if he were to prevail on the merits, and rejecting plaintiff's claim that he was entitled to a finding of liability against the defendant).[7]

Plaintiffs' additional claims for punitive damages, pre- and post-judgment interest, and attorneys' fees do not avoid a mootness dismissal. Punitive damages are not available as a matter of law for collecting and remitting the FET as directed by the IRS, and the only claim for which Plaintiffs seek punitive damages — breach of fiduciary duty — does not state a claim and such a claim does not support a punitive damages award. *See* Defendants' Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) at 22-24; *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992) (holding that claims for breach of fiduciary duty will not support an award of punitive damages) (overruled on other grounds). Further, it is well-established that a claim for attorneys' fees "is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.E.2d 210 (1998) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)); *Lamar*, 356 F.3d at 378-79 (holding that "potential receipt of attorneys' fees … is in itself not enough to keep the controversy alive"); *Cook v. Colgate Univ.*, 992 F.2d 17, 19-20 (2d Cir. 1993) (holding

---

[7] Other courts are in accord with this precedent. *See, e.g.*, *Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff that refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987) (holding that a plaintiff who is offered all of the relief he demands may not refuse the offer and then go to trial); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) (no case or controversy where plaintiff's "personal stake in the outcome had disappeared"); *see also Pierce Downer's Heritage Alliance v. Village of Downers Grove*, 302 Ill.App.3d 286, 293, 704 N.E.2d 898, 903 (1998) ("Actions will be dismissed as moot once the plaintiffs have secured what they have basically sought, whether the relief is obtained through the action itself or independently."); *Thurman v. Ill. Dept. of Public Aid*, 25 Ill.App.3d 367, 370, 323 N.E.2d 502, 503 (1975) (public aid recipients' claims dismissed as moot where newly adopted policy dealing with cost of living increases gave relief plaintiffs sought if they apply for an additional allotment of aid); *Carson v. DaimlerChrysler Corp.*, 2003 WL 1618076 (Tenn. Ct. App. 2003) (claims seeking cost-of-repair damages dismissed as moot where reimbursement of repair costs would be provided upon customer request as part of recall).

that an interest in preserving an award of attorneys' fees "is insufficient, standing alone, to

sustain jurisdiction").  Finally, Plaintiffs' claim for pre- and post-judgment interest does not save

their claims from a mootness dismissal.  *See, e.g., Berens v. Ludwig*, 964 F.Supp. 1215, 1218-19

(N.D. Ill. 1997) (plaintiff not entitled to pre-judgment interest because "[i]f there was no

judgment for [plaintiff] in this lawsuit, there is noting on which to base prejudgment interest");

*Carson*, 2003 WL 1618076, *4 (rejecting argument that claim for pre-judgment interest saves

cause of action from being moot).  In any event, the IRS refund of the FET includes interest.  *See*

IRS Notice 2006-50, § 5(e); IRS Form 8913 Instructions, p. 4.

For the foregoing reasons, IRS Notice 2006-50 and its attendant refund procedures render

Plaintiffs' claims moot.  Accordingly, they must be dismissed under Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction.

**II.     Plaintiffs Lack Standing to Sue Alltel, BellSouth, CenturyTel, Global Crossing, Qwest, Sprint, Time Warner, T-Mobile and Virgin Mobile Because There Is No Allegation That Any Plaintiff Has Had Any Dealings With Them.**

A.     Article III Standing Requires A Plaintiff To Show That He Or She Has Actually Been Injured By The Defendant's Challenged Conduct.

This Court does not have jurisdiction to adjudicate Plaintiffs' claims unless there exists a

case or controversy.  *Valley Forge Christian College v. Americans United for Separation of*

*Church and State, Inc*., 454 U.S. 464, 471 (1982).  An element of the case or controversy

requirement is plaintiff's standing to sue, which is "***based on the complaint***."  *Rains v. Byrd*, 521

U.S. 811, 818 (1997) (emphasis added).  The "irreducible constitutional minimum of standing"

has three elements:  (1) injury in fact suffered by the plaintiff; (2) injury "fairly … trace[able] to

the challenged action ***of the defendant***;" and (3) "it must be likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision."  *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted) (emphasis added).

Plaintiffs bear the burden of establishing Article III standing.  *Id.* at 561 ("party invoking federal jurisdiction bears the burden of establishing these elements").

The fact that Plaintiffs have brought this action as a putative class action is of no significance.  "Standing is not 'dispensed in gross,' even through the class action vehicle[.]"  *In re Salomon Analyst Metromedia Litigation*, 373 F.Supp.2d 235, 237 (S.D.N.Y. 2005) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)).  "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."  *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40 n.20 (1976) (citation omitted); *see also* 6A Fed. Proc., L. Ed. § 12:41 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)) ("If none of the named plaintiffs purporting to represent a class establishes [standing] with the defendants, none may seek relief on behalf of himself or herself or on behalf of any other member of the class."); *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996).

     B.    <u>Plaintiffs Have Not Alleged That Any Of Them Have Actually Been Injured By The Challenged Conduct Of Most Defendants.</u>

Plaintiffs lack Article III standing with respect to their claims against Alltel, BellSouth, CenturyTel, Global Crossing, Qwest, Sprint, Time Warner, T-Mobile, and Virgin Mobile because the Amended Complaint contains ***no*** allegations that any of these named Plaintiffs purchased long-distance telephone services from these Defendants.  Nor do any of the named Plaintiffs allege that they had any dealings with these Defendants.  The Amended Complaint therefore does not adequately allege that Plaintiffs have been injured by the alleged wrongful conduct of Defendants Alltel, BellSouth, CenturyTel, Global Crossing, Qwest, Sprint, Time Warner, T-Mobile, or Virgin Mobile.  *See Empagran S.A. v. F. Hoffman-La Roche Ltd.*, 453 F.

11

Supp.2d 1, 7-9 (D.D.C. 2006) (finding that named plaintiffs lacked standing to bring suit on behalf of absent class members who were European Union vitamin purchasers because none of the named plaintiffs were from the European Union); *In re Salomon Analyst Metromedia Litigation*, 373 F.Supp.2d 235, 237 (S.D.N.Y. 2005) (holding that plaintiffs lacked standing to assert certain claims "because the Complaint identifies no named plaintiff with standing to bring these claims"); *In re Salomon Analyst Level 3 Litigation*, 350 F.Supp.2d 477, 496 (S.D.N.Y. 2004) (dismissing some claims due to lack of standing because complaint identified no named plaintiff who held a relevant account); *see also Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004) ("what is required is that for every defendant there be at least one named plaintiff who can assert a claim directly against that defendant"); *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162 (D. Mass. 2004) (dismissing claim for lack of Article III standing when named plaintiff tried to bring suit against multiple defendants, but acknowledged in his complaint that he never dealt with some of the defendants).

Plaintiffs' allegations of conspiracy do not save them since the allegations of conspiracy in the Amended Complaint are not sufficiently pled. *See* Defendants' Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) at 25-27; *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1962, 1974 (2007) (holding that to state a claim for conspiracy, a plaintiff must plead "enough facts to state a claim" of conspiracy "that is plausible on its face," including facts and circumstances "pointing toward a meeting of the minds" among the parties); *Ciambriello v. County of Nassau*, 292 F.3d 307 (2d Cir. 2002) (finding "diffuse and expansive allegations insufficient" to establish standing); *Vulcan Society v. Fire Dept. of the City of White Plains*, 82 F.R.D. 379, 389 (S.D.N.Y. 1979) (refusing to permit amendment of complaint to add

conspiracy allegations because "complaint set forth nothing but generalized, unsupported allegations of conspiracy which can be characterized as nothing more than conclusory").

As discussed in Defendants' Motion to Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(6), Plaintiffs' conspiracy allegations are conclusory and speculative. *See id.* at 24-27. Like the plaintiffs in *Twombly*, Plaintiffs in this case baldly allege "an agreement" and that a "conspiracy" took place because of Defendants' alleged similar conduct of continued collection and remittance of excise taxes on behalf of the IRS. They do not sufficiently plead facts demonstrating Defendants' purported agreement to collect and remit FET wrongfully. Like the plaintiffs in *Twombly*, Plaintiffs' conclusory allegations of conspiracy are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. The "conclusory allegations of conspiracy ring especially hollow in light" of the competitive nature of the relationship between the Defendants and the complete absence of any benefit derived by an alleged conspiracy to collect and remit FET to the United States. *See Ciambriello*, 292 F.3d at 324 (dismissing conclusory § 1983 claims). The conspiracy allegations in the Amended Complaint are but a mere "attempt to establish a connection between the [D]efendants." *Vulcan Society*, 82 F.R.D. at 389. They should be rejected as such.

Thus, Plaintiffs lack standing, both on behalf of themselves and the purported class members, to seek adjudication of their claims against Alltel, BellSouth, CenturyTel, Global Crossing, Qwest, Sprint, Time Warner, T-Mobile, and Virgin Mobile. The Court, therefore, should dismiss the Amended Complaint as to these Defendants on this ground as well.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed as moot under

Fed. R. Civ. P. 12(b)(1).  Additionally, Plaintiffs' claims against Defendants Alltel Corp.,

BellSouth Corp., CenturyTel Inc., Global Crossing North America Inc., Qwest Corp., Sprint

Nextel Corp., Time Warner Inc., T-Mobile USA, Inc. and Virgin Mobile USA, LLC should be

dismissed because Plaintiffs lack standing to assert claims against them.


Dated:  August 10, 2007                              Respectfully submitted,


 /s/  Daniel P. Collins                               /s/  Michael B. Carlinsky
Daniel P. Collins (DC Bar # 426546)        Michael B. Carlinsky
MUNGER, TOLLES & OLSON LLP            QUINN EMANUEL URQUHART
355 South Grand Avenue, 35th Floor            OLIVER & HEDGES, LLP
Los Angeles, CA 90071                          5 1 Madison Avenue, 22nd Floor
(213) 683-9125                                  New York, New York 1 001 0
                                                (212) 849-7000

Attorneys for Defendants Verizon              Attorneys for Defendant Alltel Corp.
Communications Inc. and Verizon
Business Global LLC (successor to MCI,
Inc.)




 /s/  Michael K. Kellogg                              /s/  Michael K. Kellogg
Michael K. Kellogg (DC Bar # 372049)        Michael K. Kellogg (DC Bar # 372049)
Sean Lev (DC Bar # 449936)                   Sean Lev (DC Bar # 449936)
KELLOGG, HUBER, HANSEN, TODD          KELLOGG, HUBER, HANSEN, TODD
  EVANS & FIGEL, P.L.L.C                        EVANS & FIGEL, P.L.L.C
1615 M Street, NW, Suite 400                  1615 M Street, NW, Suite 400
Washington, DC 20036                          Washington, DC 20036
(202) 326-7900                                  (202) 326-7900

Attorneys for Defendant AT&T Inc.            Attorneys for Defendant BellSouth Corp.

14

 /s/  P. Scott Wolleson
P. Scott Wolleson (La. Bar No. 22,691)
BREITHAUPT, DUNN, DUBOS,
  SHAFTO & WOLLESON, LLC
1800 Hudson Lane
Suite 200-A
Monroe, Louisiana 71201
(318) 322-1202

Attorneys for Defendant CenturyTel, Inc.

 /s/  Michael J. Shortley
Michael J. Shortley
1080 Pittsford-Victor Road
Pittsford, New York 14534
(585) 255-1429

Attorneys for Defendant Global Crossing
North America Inc.

 /s/  Alejandro N. Mayorkas
Alejandro N. Mayorkas
Sandra Sepulveda
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

Attorneys for Defendant Qwest Corp.

 /s/  John W. Rogers
John W. Rogers
BRYAN CAVE LLP
One Metropolitan Square Building
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000

Attorneys for Defendant Sprint Nextel
Corp.

 /s/  Henk Brands
Henk Brands (DC Bar # 451710)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1615 L Street, N.W., Suite 1300
Washington, DC 20036-5694
(202) 223-7300

Attorneys for Defendant Time Warner Inc.

 /s/  Alan M. Unger
Alan M. Unger
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

Attorneys for Defendant T-Mobile USA,
Inc.

 /s/  Susan L. Saltzstein
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
(212) 735-4132

Attorneys for Defendant
Virgin Mobile USA, LLC

15

**Internal Revenue Service**
United States Department of the Treasury

**Government to Stop Collecting Long-Distance Telephone Tax**

IR-2006-82, May 25, 2006

WASHINGTON — The Internal Revenue Service today announced that it will stop collecting the federal excise tax on long-distance telephone service.

The tax on telephone services was first imposed in 1898. The current rate is 3% of the charges billed for these services. The IRS announcement follows decisions in five federal appeals courts holding that the tax does not apply to long-distance service as it is billed today.

Taxpayers will be eligible to file for refunds of all excise tax they have paid on long-distance service billed to them after Feb. 28, 2003. Interest will be paid on these refunds.

Taxpayers will claim this refund on their 2006 tax returns. In order to minimize burden, the IRS expects to announce soon a simplified method that individuals may use.

"So taxpayers won't have to spend time digging through old telephone bills, we're designing a straightforward process that taxpayers may use when they file their tax returns next year," said IRS Commissioner Mark W. Everson. "Claiming a refund will be simple and fair."

The IRS announcement does not affect the federal excise tax on local telephone service, which remains in effect. Likewise, various state and local taxes and fees paid by telephone customers are also unaffected.

More information can be found in IRS Notice 2006-50. It will also be published in Internal Revenue Bulletin 2006-25, dated June, 19, 2006.

**Related Items:**

- IR-2006-137, IRS Announces Standard Amounts for Telephone Tax Refunds
- Telephone Tax Refund Questions and Answers
- Notice 2006-50
- Treasury Department News Release

```
EXHIBIT
1
```

Form **1040**

Department of the Treasury—Internal Revenue Service

**U.S. Individual Income Tax Return** **2006** (99) IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2006, or other tax year beginning , 2006, ending , 20

OMB No. 1545-0074

## Label

(See instructions on page 16.)

Use the IRS label. Otherwise, please print or type.

Your first name and initial — Last name — **Your social security number**

If a joint return, spouse's first name and initial — Last name — **Spouse's social security number**

Home address (number and street). If you have a P.O. box, see page 16. — Apt. no. — ▲ You **must** enter your SSN(s) above. ▲

City, town or post office, state, and ZIP code. If you have a foreign address, see page 16.

Checking a box below will not change your tax or refund.

## Presidential Election Campaign ▶

Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ▶ ☐ You ☐ Spouse

## Filing Status

Check only one box.

1 ☐ Single
2 ☐ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (see page 17)

## Exemptions

6a ☐ **Yourself.** If someone can claim you as a dependent, **do not** check box 6a
b ☐ **Spouse**

c Dependents:

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 19) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than four dependents, see page 19.

Boxes checked on 6a and 6b
No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see page 20)
Dependents on 6c not entered above

d Total number of exemptions claimed

Add numbers on lines above ▶

## Income

**Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.**

If you did not get a W-2, see page 23.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 |
| 8a | Taxable interest. Attach Schedule B if required | 8a |
| b | Tax-exempt interest. **Do not** include on line 8a | 8b |
| 9a | Ordinary dividends. Attach Schedule B if required | 9a |
| b | Qualified dividends (see page 23) | 9b |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 24) | 10 |
| 11 | Alimony received | 11 |
| 12 | Business income or (loss). Attach Schedule C or C-EZ | 12 |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13 |
| 14 | Other gains or (losses). Attach Form 4797 | 14 |
| 15a | IRA distributions | 15a | b Taxable amount (see page 25) | 15b |
| 16a | Pensions and annuities | 16a | b Taxable amount (see page 26) | 16b |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 |
| 18 | Farm income or (loss). Attach Schedule F | 18 |
| 19 | Unemployment compensation | 19 |
| 20a | Social security benefits | 20a | b Taxable amount (see page 27) | 20b |
| 21 | Other income. List type and amount (see page 29) | 21 |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 |

## Adjusted Gross Income

| | | |
|---|---|---|
| 23 | Archer MSA deduction. Attach Form 8853 | 23 |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 |
| 25 | Health savings account deduction. Attach Form 8889 | 25 |
| 26 | Moving expenses. Attach Form 3903 | 26 |
| 27 | One-half of self-employment tax. Attach Schedule SE | 27 |
| 28 | Self-employed SEP, SIMPLE, and qualified plans | 28 |
| 29 | Self-employed health insurance deduction (see page 29) | 29 |
| 30 | Penalty on early withdrawal of savings | 30 |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a |
| 32 | IRA deduction (see page 31) | 32 |
| 33 | Student loan interest deduction (see page 33) | 33 |
| 34 | Jury duty pay you gave to your employer | 34 |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 |
| 36 | Add lines 23 through 31a and 32 through 35 | 36 |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 |

EXHIBIT 2

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 80. Cat. No. 11320B Form **1040** (2006)

Form 1040 (2006)                                                                                                    Page **2**

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) . . . . . . . . . . . . | 38 | |
| | 39a | Check if: { ☐ **You** were born before January 2, 1942, ☐ Blind. } **Total boxes** { ☐ **Spouse** was born before January 2, 1942, ☐ Blind. } checked ► **39a** | | |
| **Standard Deduction for—** | b | If your spouse itemizes on a separate return or you were a dual-status alien, see page 34 and check here ►**39b** ☐ | | |
| | 40 | **Itemized deductions** (from Schedule A) or your **standard deduction** (see left margin) . . | 40 | |
| ● People who checked any box on line 39a or 39b or who can be claimed as a dependent, see page 34. | 41 | Subtract line 40 from line 38 . . . . . . . . . . . . . . . . | 41 | |
| | 42 | If line 38 is over $112,875, or you provided housing to a person displaced by Hurricane Katrina, see page 36. Otherwise, multiply $3,300 by the total number of exemptions claimed on line 6d | 42 | |
| | 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | |
| | 44 | **Tax** (see page 36). Check if any tax is from: **a** ☐ Form(s) 8814  **b** ☐ Form 4972 . | 44 | |
| ● All others: | 45 | **Alternative minimum tax** (see page 39). Attach Form 6251 . . . . . . | 45 | |
| Single or Married filing separately, $5,150 | 46 | Add lines 44 and 45 . . . . . . . . . . . . . . . . . ► | 46 | |
| | 47 | Foreign tax credit. Attach Form 1116 if required . . . . | 47 | | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | | |
| Married filing jointly or Qualifying widow(er), $10,300 | 49 | Credit for the elderly or the disabled. Attach Schedule R . | 49 | | |
| | 50 | Education credits. Attach Form 8863 . . . . . . | 50 | | |
| | 51 | Retirement savings contributions credit. Attach Form 8880 . | 51 | | |
| Head of household, $7,550 | 52 | Residential energy credits. Attach Form 5695 . . . . | 52 | | |
| | 53 | Child tax credit (see page 42). Attach Form 8901 if required | 53 | | |
| | 54 | Credits from: **a** ☐ Form 8396 **b** ☐ Form 8839 **c** ☐ Form 8859 | 54 | | |
| | 55 | Other credits: **a** ☐ Form 3800 **b** ☐ Form 8801 **c** ☐ Form | 55 | | |
| | 56 | Add lines 47 through 55. These are your **total credits** . . . . . . | 56 | |
| | 57 | Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- . . . . . ► | 57 | |
| **Other Taxes** | 58 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . | 58 | |
| | 59 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 59 | |
| | 60 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required . | 60 | |
| | 61 | Advance earned income credit payments from Form(s) W-2, box 9 . . . . . . | 61 | |
| | 62 | Household employment taxes. Attach Schedule H . . . . . . . . . . | 62 | |
| | 63 | Add lines 57 through 62. This is your **total tax** . . . . . . . . . . ► | 63 | |
| **Payments** | 64 | Federal income tax withheld from Forms W-2 and 1099 . | 64 | | |
| | 65 | 2006 estimated tax payments and amount applied from 2005 return | 65 | | |
| If you have a qualifying child, attach Schedule EIC. | 66a | **Earned income credit (EIC)** . . . . . . . . | 66a | | |
| | b | Nontaxable combat pay election ► | 66b | | |
| | 67 | Excess social security and tier 1 RRTA tax withheld (see page 60) | 67 | | |
| | 68 | Additional child tax credit. Attach Form 8812 . . . . | 68 | | |
| | 69 | Amount paid with request for extension to file (see page 60) | 69 | | |
| | 70 | Payments from: **a** ☐ Form 2439 **b** ☐ Form 4136 **c** ☐ Form 8885 | 70 | | |
| | 71 | Credit for federal telephone excise tax paid. Attach Form 8913 if required | 71 | | |
| | 72 | Add lines 64, 65, 66a, and 67 through 71. These are your **total payments** . . . . ► | 72 | |
| **Refund** Direct deposit? See page 61 and fill in 74b, 74c, and 74d, or Form 8888. | 73 | If line 72 is more than line 63, subtract line 63 from line 72. This is the amount you **overpaid** | 73 | |
| | 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ► ☐ | 74a | |
| | b | Routing number | | |
| | | ► c Type: ☐ Checking ☐ Savings | | |
| | d | Account number | | |
| | 75 | Amount of line 73 you want **applied to your 2007 estimated tax** ► | 75 | |
| **Amount You Owe** | 76 | **Amount you owe.** Subtract line 72 from line 63. For details on how to pay, see page 62 ► | 76 | |
| | 77 | Estimated tax penalty (see page 62) . . . . . . | 77 | | |

| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see page 63)? ☐ **Yes.** Complete the following. ☐ **No** |
|---|---|
| | Designee's name ► _____ Phone no. ► ( ) _____ Personal identification number (PIN) ► [ ][ ][ ][ ][ ] |

**Sign Here**
Joint return?
See page 17.
Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime phone number ( ) |
|---|---|---|---|
| Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | |

| **Paid Preparer's Use Only** | Preparer's signature ► | | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code ► | | | EIN | |
| | | | | Phone no. ( ) | |

Form **1040** (2006)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | ) MDL Docket No. 1798 |
| | ) |
| | ) Master File:  07-mc-0014 (RMU) |
| | ) |
| This document relates to: | ) Member Case:  07-cv-801 |
| | ) |
| *Belloni v. Verizon Communications, Inc.* | ) |
| | ) |
| . | ) |

**[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS**
**THE AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1)**

WHEREAS Defendants Alltel Corp.; AT&T Inc.; BellSouth Corp.; CenturyTel Inc.;

Global Crossing North America Inc.; Qwest Corp.; Sprint Nextel Corp.; Time Warner Inc.;

T-Mobile USA Inc.; Verizon Communications Inc.; Verizon Business Global LLC (successor to

MCI, Inc.); and Virgin Mobile USA, LLC (collectively, "Defendants") have brought a Joint

Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) arguing Plaintiffs' claims

against Defendants are moot and that Plaintiffs do not have standing to assert claims against

Defendants Alltel Corp., BellSouth Corp., CenturyTel Inc., Global Crossing North America Inc.,

Qwest Corp., Sprint Nextel Corp., Time Warner Inc., T-Mobile USA, Inc. and Virgin Mobile

USA, LLC; and

Having considered the moving, opposing, and reply papers, the declarations and exhibits

submitted in connection therewith, the argument of counsel at any hearing in this matter, and all

other material properly before this Court, and good cause appearing therefore,

///
///

IT IS HEREBY ORDERED that, for the reasons stated in Defendants' Joint Motion to

Dismiss the Amended Complaint Under Fed. R. Civ. P. 12(b)(1), that Motion is hereby

GRANTED in its entirety, and the case is dismissed with prejudice.

**SO ORDERED.**

_____
Dated

_____
Judge Ricardo M. Urbina
United States District Judge