## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | ) ) ) ) | MDL Docket No. 1798 |
|  | ) | Master File: 07-mc-0014 (RMU) |
| This document relates to: | ) ) | Member Case: 07-cv-801 |
| *Belloni v. Verizon Communications, Inc.* | ) ) ) ) ) |  |

## MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)

Verizon Business Global LLC, as corporate successor to MCI, Inc., who is named as a defendant in *Belloni v. Verizon Communications, Inc.*, No. 07-cv-801 (RMU), moves this Court to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. This Motion is based upon the accompanying Memorandum of Law in Support of the Motion of Verizon Business Global LCC (successor to MCI, Inc.) to Dismiss the Amended Complaint for Lack of Personal Jurisdiction and the Declaration of Joseph P. Dunbar (both filed concurrently herewith), the files and records in this action, such additional authority and argument as may be presented in any Reply and at any hearing on this Motion, and such other matters of which this Court may take judicial notice.

Respectfully submitted,

Dated: August 10, 2007

/s/ *Burton A. Gross*
Burton A. Gross (CA Bar # 166285)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
(415) 512-4024
Attorneys for Verizon Business Global
LLC (successor to Defendant MCI, Inc.)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | ) ) ) ) | MDL Docket No. 1798 |
| This document relates to: | ) ) | Master File:  07-mc-0014 (RMU) |
| *Belloni v. Verizon Communications Inc.* | ) ) ) ) | Member Case:  07-cv-801 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

1239318.5

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 2

III.  ARGUMENT .......................................................................................................... 4

    A.  MCI, Inc. And Its Successor Verizon Business Global LLC Are Not Subject To Personal Jurisdiction Under The Applicable Long-Arm Statute ......................... 5

    B.  The Due Process Clause of the Fourteenth Amendment Provides an Independent Bar To Asserting Personal Jurisdiction Over MCI, Inc. Or Verizon Business Global LLC ...................................................................................... 8

IV.  CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

\* *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
171 F.3d 779 (2d Cir. 1999) ............................................................................ 4

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007) ..................................................................................... 8

*Best Cellars Inc. v. Grape Finds at Dupont, Inc.,*
90 F. Supp. 2d 431 (S.D.N.Y. 2000) ................................................................ 7

\* *Bulger v. Royal Doulton, PLC,*
No. 05 CIV. 7709 (DAB), 2006 WL 3771016 ........................................... 4, 8

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) ......................................................................................... 9

*Chrysler Capital Corp. v. Century Power Corp.,*
778 F. Supp 2d 1260 (S.D.N.Y. 1991) ............................................................. 8

*Digitel, Inc. v. MCI Worldcom, Inc.,*
239 F.3d 187 (2d Cir. 2001) ............................................................................ 7

*DiStefano v. Carozzi N. America,*
286 F.3d 81 (2d Cir. 2001) .............................................................................. 4

*Helicoptores Nationales de Colombia, S.A. v. Hall,*
466 U.S. 408 (1984) ...................................................................................... 8-9

*In re Consumer Credit Counseling Servs. Antitrust Litig.,*
No. MDL 97MS233, 1997 WL 755019 (D.D.C. Dec. 4, 1997) ...................... 1

*In re Dynamic Random Access Memory Antitrust Litig.,*
No. C 02-1486 PJH, 2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) ................. 1

*In re Parmalat Sec. Litig.,*
381 F. Supp. 2d 283 (S.D.N.Y. 2005) .............................................................. 4

*International Shoe Co. v. Washington,*
326 U.S. 310 (1945) ......................................................................................... 8

*Jazini v. Nissan Motor Co.,*
148 F.3d 181 (2d Cir. 1998) ........................................................................ 4, 6

*Lehigh Valley Indus., Inc. v. Birenbaum,*
527 F.2d 87 (2d Cir. 1975) .............................................................................. 7

*Milliken v. Meyer,*
311 U.S. 457 (1940) ......................................................................................... 8

*Parthasarathy v. RS Investment Mgmt., L.P.,*
No. MDL 15863, 2005 WL 4146020 (D. Md. Nov. 5, 2005) ......................... 1

*Stiles v. GTE Southwest Inc.,*
128 F.3d 904 (5th Cir. 1997) ........................................................................... 7

# TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

## STATE CASES

*Delagi v. Volkswagenwerk A.G.*,
   29 N.Y.2d 426 (1972) ............................................................................................ 6

## FEDERAL STATUTES

47 U.S.C. § 207 ......................................................................................................... 7

## FEDERAL RULES

Fed. R. Civ. P. 4(k)(1)(A) ......................................................................................... 4
Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2, 3, 4

## OTHER AUTHORITIES

N.Y. C.P.L.R.. § 301 (McKinney 2006) ................................................................... 6

N.Y. C.P.L.R.. § 302 (McKinney 2006) ............................................................... 5, 7

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

## I.    INTRODUCTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Verizon Business Global LLC (successor to MCI, Inc.) respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs' amended complaint in *Belloni v. Verizon Communications, Inc.* for lack of personal jurisdiction.

Because this lawsuit was originally filed in New York, the Court must evaluate this motion based on whether MCI, Inc. (or its successor Verizon Business Global LLC) is properly subject to personal jurisdiction in New York federal courts.  *In re Consumer Credit Counseling Servs. Antitrust Litig.*, No. MDL 97MS233, 1997 WL 755019, at *3-6 (D.D.C. Dec. 4, 1997) (applying New York law in resolving personal jurisdiction motion involving case originally filed in New York and later transferred to MDL proceeding in District of Columbia); *In re Dynamic Random Access Memory Antitrust Litig.*, No. C 02-1486 PJH, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005) ("In MDL actions . . . the court is entitled to exercise personal jurisdiction over each defendant only to the same degree that the original transferor court could have."); *Parthasarathy v. RS Investment Mgmt., L.P.*, No. MDL 15863, 2005  WL 4146020, at *1 (D. Md. Nov. 5, 2005) ("In MDL proceedings the material question is whether a defendant is subject to personal jurisdiction in the transferor court, not the transferee court.").  As set forth below, MCI, Inc., which is no longer an existing and operational company, and its successor corporation, Verizon Business Global LLC[1], have been at all times purely holding companies

---

[1] Plaintiffs have not named Verizon Business Global LLC as a party to this lawsuit.

that have no New York employees, provide no services to the public in New York, own no property in New York, and have no contacts with New York that would provide any statutory or constitutional basis for the exercise of personal jurisdiction in that State. The Court thus lacks a proper basis for asserting personal jurisdiction over either entity.

## II.   **BACKGROUND**

Plaintiffs' lawsuit is a putative class action brought against various telecommunications companies challenging the past collection of federal excise taxes ("FET") for certain long-distance services. (*See* Amended Class Action Complaint ("Complaint") ¶¶ 1-11.) Plaintiffs acknowledge that carriers that collected the FET remitted those funds to the IRS and did so pursuant to the policy of the IRS at the time in question. (*See* Complaint ¶¶ 2, 5, 8, 81, 84.) They claim, however, that this practice was unlawful and as a remedy seek damages on behalf of a nationwide class of customers from the carriers that purportedly collected the funds. (Complaint, Prayer for Relief, at 23-24.)

All of the entities named as defendants are collectively filing a joint motion to dismiss the lawsuit for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), which is submitted concurrently herewith. As successor to MCI, Inc, Defendant Verizon Business Global LLC submits this Rule 12(b)(2) motion to preserve and assert its separate defense of lack of personal jurisdiction.

As explained in the Declaration of Joseph P. Dunbar ("Dunbar Decl.") submitted herewith, MCI, Inc. is no longer an existing and operational company and, for the entire period of its existence, was merely a parent holding company that was incorporated in Delaware and headquartered in Virginia.[2] (Dunbar Decl. ¶¶ 2-8.) MCI, Inc. was not authorized to do business

---

[2] In the Complaint, Plaintiffs do not include a comma after "MCI" and thus refer to the company

in New York, did not transact any business in New York, and never offered any services of any kind to the public in New York or elsewhere. (*Id.* ¶¶ 3-4.) It never had any offices or employees in New York, nor did it own or lease any real property, pay any taxes, or maintain an agent for service of process in the State. (*Id.* ¶ 5.) It also played no role in the collection or remittance of the FET charges that are the basis for Plaintiffs' lawsuit. (*Id.*) For all of these reasons, Plaintiffs generic and unelaborated allegation that MCI, Inc. provides "long-distance telephone services to members of the proposed Class, and conducts substantial business in this District." (Complaint ¶ 30), is simply incorrect. During its existence, certain subsidiaries of MCI, Inc. did provide telecommunications services to customers in New York, including long distance services. (Dunbar Decl. ¶ 6.) But those subsidiaries, which Plaintiffs have not named or even identified in their Complaint, were separate and distinct corporate entities from MCI, Inc. for the entire period of the holding company's existence. (*Id.*)

In early 2006, Verizon Communications Inc. acquired MCI, Inc. through a merger.[3] (*Id.* ¶ 7.) To effectuate the acquisition, MCI, Inc. was merged into a newly created Delaware limited liability company that is a wholly owned subsidiary of Verizon Communications Inc. That entity, which was originally named Eli Acquisition, LLC and has more recently been renamed Verizon Business Global LLC, is incorporated in Delaware and headquartered in Basking Ridge, New Jersey. (*Id.* ¶¶ 8-9.) Like its predecessor, Verizon Business Global LLC is purely a holding company – in this case an intermediate holding company – that is not licensed to do business in New York, does not transact any business in New York, provides no services to the

---

as "MCI Inc." (Complaint ¶ 30.) This appears to be a typographical error as no such entity exists or existed within the MCI family of companies. (Dunbar Decl. ¶ 14.)

[3] Verizon Communications Inc. ("VCI"), which has also been named as a party in this lawsuit, is Verizon's publicly traded parent company. (Dunbar Decl. ¶ 7.) Unlike MCI, Inc. or the new subsidiary discussed below that is MCI, Inc.'s successor entity, VCI does have contacts with the forum state that are sufficient for the assertion of personal jurisdiction and thus does not seek dismissal on that ground.

1230318 5

public there or elsewhere, has no offices or employees in New York, and does not own or lease any real property, pay any taxes, or maintain an agent for service of process in the State. (*Id.* ¶¶ 10-12.) It also played no role in the collection or remittance of the FET charges that are the basis for Plaintiffs' lawsuit. (*Id.* ¶ 12.) As with MCI, Inc., several subsidiaries of Verizon Business Global LLC do provide telecommunications services to customers in New York, but those subsidiaries continue to be maintained as separate and distinct corporate entities from the holding company and from the ultimate parent company, (*id.* ¶ 13), and have not been named by Plaintiffs in this lawsuit.

## III.   **ARGUMENT**

On a motion to dismiss pursuant to Rule 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendants." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999); *Bulger v. Royal Doulton, PLC*, No. 05 CIV. 7709 (DAB), 2006 WL 3771016 (S.D.N.Y. Dec. 19, 2006). There are two steps to this inquiry: Plaintiff must demonstrate both that there is jurisdiction over the defendant under the forum state's long-arm statute and that the exercise of personal jurisdiction is consistent with federal due process requirements. *Bank Brussels Lambert*, 171 F.3d. at 784; *In re Parmalat Sec. Litig.*, 381 F. Supp. 2d 283, 287 (S.D.N.Y. 2005); *see also* Fed. R. Civ. P. 4(k)(1)(A), (2). To meet this burden at the current stage of these proceedings, Plaintiffs must make a *prima facie* showing that jurisdiction is appropriate. *DiStefano v. Carozzi N. America*, 286 F.3d 81, 84 (2d Cir. 2001). Vague and conclusory statements that largely restate the jurisdictional standards are not sufficient for this purpose. *Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998). Plaintiffs must instead "set forth specific allegations warranting" the assertion of personal jurisdiction. *Bulger*, 2006 WL 3771016, at *4.

- 4 -

1239\318.5

Because Plaintiffs have not, and cannot, meet this *prima facie* burden with respect to MCI. Inc. (or its corporate successor), the entity must be dismissed for want of personal jurisdiction.

### A.    MCI, Inc. And Its Successor Verizon Business Global LLC Are Not Subject to Personal Jurisdiction Under the Applicable Long-Arm Statute

For all of the non-domiciliary defendants named in the Complaint (including MCI, Inc.), Plaintiffs base their personal jurisdiction claim on section 302 of the New York long-arm statute (N.Y. C.P.L.R.. § 302). (Complaint ¶ 17.) This section provides that a court may exercise personal jurisdiction over a non-domiciliary defendant if the defendant or its agent engages in any of the following actions that form the basis for the lawsuit:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he:
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R.. § 302 (McKinney 2006).

These provisions clearly do not apply either to the no-longer-extant MCI defendant that Plaintiffs actually name or to its successor, Verizon Business Global LLC. The first and fourth provisions are expressly inapplicable because neither entity has ever transacted any business, sold any goods or services, or owned or leased any real property in the New York. (Dunbar

- 5 -

Decl. ¶¶ 3-5, 10-12.)  The second and third provisions are equally inapplicable.  Because neither entity has employees in New York or provides any products or services to the public in New York or elsewhere, (*id.* ¶¶ 3, 5, 10, 12), there is no way for it to have committed any tortious acts either within New York or outside the state that resulted in injury to persons or property within the State.  These entities also played no role in the collection or remittance of the FET, (*id.* ¶¶ 5, 12), and thus did not take any part in the allegedly tortious activity that forms the basis for Plaintiffs' Complaint.  Because the long-arm statute contains no provisions that are applicable here, there is no proper basis for asserting personal jurisdiction over MCI, Inc.[4]

Perhaps recognizing the infirmities of their personal jurisdiction claims over non-domiciliary defendants like MCI, Inc., Plaintiffs proffer two theories for asserting personal jurisdiction over all of the defendants in this lawsuit, both of which are unavailing.

Plaintiffs first argue that the Court has personal jurisdiction over all defendants pursuant to 47 U.S.C. § 207, which they allege confers an unlimited right to bring suit for recovery of damages in "any district court of the United States."  (Complaint ¶ 18.)  This argument incorrectly conflates the concepts of subject matter jurisdiction and personal jurisdiction.  Section 207 is a subject matter jurisdiction provision that requires a complainant to choose between bringing a claim for violation of certain federal telecommunications statutory provisions either at the Federal Communications Commission ("FCC") or in federal court.  The statute

---

[4] Although CPLR section 301 can in some instances provide a plaintiff with an alternative basis for personal jurisdiction, Plaintiffs do not assert that provision against MCI, Inc. and for good reason.  This provision, which allows New York courts to "exercise such jurisdiction over persons, property or status as might have been exercised heretofore," (N.Y. C.P.L.R.. § 301 (McKinney 2006), has no application unless the foreign corporation is "'engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in [the state]." *Jazini*, 148 F.3d at 184 (quoting *Delagi v. Volkswagenwerk A.G.*, 29 N.Y.2d 426, 430-31 (1972).  As noted, MCI, Inc. and its successor holding company have never done any business in New York, let alone engaged in a continuous and systematic course of business in the State.

1230318.5

allows the "injured party to seek relief either in federal court or before the FCC, but not in both," and thus deprives a federal district court of "subject matter" jurisdiction if the plaintiff has already commenced an proceeding to pursue the same claim at the FCC. *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001); *accord Stiles v. GTE Southwest Inc.*, 128 F.3d 904, 907 (5th Cir. 1997). The cited statute does not create jurisdiction in "any district court" but rather expressly states that a claim for violation of Chapter 5 of Title 47 may be brought under this section either at the FCC or "in any district court of the United States *of competent jurisdiction*." 47 U.S.C. § 207 (emphasis added). A court, of course, is not "of competent jurisdiction" if it lacks personal jurisdiction over the defendant that has been sued. Plaintiffs' theory that it may sue in any federal district court in the nation thus is belied by the plain language of the provision.

Plaintiffs also suggest that all of the named defendants fall within the personal jurisdiction of this Court because they purportedly participated in a "conspiracy" to illegally collect and remit the FET and "reasonably knew that their conspiratorial acts would impact all long distance telephone customers, including residents of this District." (Complaint ¶ 16; *see also id.* ¶ 8.) This conclusory allegation is plainly insufficient to establish jurisdiction under the New York long-arm statute. *See Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) ("the bland assertion of conspiracy . . . is insufficient to establish" personal jurisdiction under C.L.P.R. § 302). To establish personal jurisdiction on a conspiracy theory, "the plaintiff must: (1) establish a prima facie case of conspiracy; (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) demonstrate the commission of an overt act in New York during, and pursuant to, the conspiracy." *Best Cellars Inc. v. Grape Finds at Dupont, Inc.*, 90 F. Supp. 2d 431, 446 (S.D.N.Y. 2000); *accord*

- 7 -

*Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp 2d 1260, 1266 (S.D.N.Y. 1991);

*see also Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (to survive a motion to

dismiss in context of conspiracy claims, the complaint must allege "enough facts to state a claim

that is plausible on its face"). Plaintiffs have alleged no facts – let alone any specific facts –

supporting an inference that MCI, Inc. (or its successor) was a member of any conspiracy to

illegally collect and remit FET to the IRS. Nor could they, given that MCI, Inc., as a mere

holding company, had no role in collecting or remitting the FET in New York or anywhere else.

(Dunbar Decl. ¶ 5.) Plaintiffs also fail to allege any specific facts about the conspiracy itself and

thus have neither established a *prima facie* case of conspiracy nor identified a specific overt act

occurring in New York pursuant to the conspiracy. Because the Complaint is bereft of "specific

allegations" supporting its conspiracy theory, Plaintiffs have failed to meet their burden for

asserting personal jurisdiction. *See Bulger*, 2006 WL 3771016, at *4 (at pleading stage, plaintiff

must "set forth specific allegations warranting personal jurisdiction").

> **B.**    **The Due Process Clause of the Fourteenth Amendment Provides an
> Independent Bar to Asserting Personal Jurisdiction Over MCI, Inc. or
> Verizon Business Global LLC**

Even if Plaintiffs could satisfy the requirements of the New York long-arm statute, the

due process clause of the Fourteenth Amendment stands as an independent bar to exercising

jurisdiction over MCI, Inc. or its successor. Due process permits a court to exercise personal

jurisdiction over a non-resident defendant only if the defendant has sufficient "minimum contacts

with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair

play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

(quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This constitutional requirement can be

met either by demonstrating that the court has "general jurisdiction" or "specific jurisdiction"

over the defendant. *Helicoptores Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15

- 8 -

(1984). To sustain personal jurisdiction on the basis of general jurisdiction, a plaintiff must demonstrate that the defendant has maintained "continuous and systematic general business contacts" with the forum state. *Id.* at 416. To instead meet the specific jurisdiction test, a plaintiff must show that "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal quotation marks omitted).

Plaintiffs cannot meet either of these tests for the reasons discussed in detail above. As noted, MCI, Inc. and its successor company have never done any business in New York, (Dunbar Decl. ¶¶ 2-3, 10-11), and thus certainly have not engaged in a continuous and systematic course of business in the State. Nor has either entity "purposefully directed" any activities at residents of the forum, let alone activities that gave rise to the purported injuries that are at issue in this litigation. To the contrary, these entities have never provided any products or services to any residents of the State and played no role in the collection and remittance of the FET charges that are the subject of this lawsuit. (*Id.* ¶¶ 3, 5, 10, 12.) For these reasons, it is constitutionally impermissible for this Court to exercise personal jurisdiction over MCI, Inc. or Verizon Business Global LLC.

//

//

//

//

//

//

- 9 -

IV.  **CONCLUSION**

For the reasons set forth above, the Court should grant Defendant's Motion to Dismiss

for Lack of Personal Jurisdiction.

Respectfully submitted,

Dated: August 10, 2007

_/s/  Burton A. Gross_____
Burton A. Gross (CA Bar # 166285)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
(415) 512-4024

Attorneys for Verizon Business Global
LLC (successor to Defendant MCI, Inc.)

- 10 -

1239318.5

**PROOF OF SERVICE FOR DEFENDANTS' MOTION TO DISMISS THE AMENDED**

**COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER**

**FED. R. CIV. P. 12(B)(2)**

I, Burton A. Gross, certify that on August 10, 2007, I caused true and correct copies of the following documents to be served by Federal Express, for delivery on the next business day, to the Attorneys shown on the attached service list:

(1) **MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(B)(2);**

(2) **DECLARATION OF JOSEPH P. DUNBAR IN SUPPORT OF MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION;**

(3) **[PROPOSED] ORDER GRANTING MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(B)(2); and**

(4) **PROOF OF SERVICE BY OVERNIGHT MAIL**

All other attorneys of record were served through the Court's ECF filing system.

       /s/ *Burton A. Gross*
Burton A. Gross (CA Bar # 166285)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4024

Attorneys for Defendant Verizon Business Global
LLC (successor to MCI, Inc.)

## SERVICE LIST

Michael D. Leffel
Foley & Lardner, LLP
150 East Gilman Street
Madison, WI 53703-1481

Richard F. Scruggs
Scruggs Law Firm, PA
120A Courthouse Square
Oxford, MS 38655-1136

Kelechi O. Onyeobia
Christopher R. Neufeld
Law Offices of Kelechi O. Onyeobia, PC
1218 Walton Ave., Ste. 108
Bronx, NY 10452

Christopher Weld, Jr.
Kevin T. Peters
Todd & Weld, LLP
28 State St.
Boston, MA 02110

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | ) ) ) ) | MDL Docket No. **1798** |
| This document relates to: | ) ) | Master File:  07-mc-0014 (RMU) |
| *Belloni v. Verizon Communications Inc.* | ) ) ) ) | Member Case:  07-cv-801 |

## DECLARATION OF JOSEPH P. DUNBAR IN SUPPORT OF MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC (SUCCESSOR TO MCI, INC.) TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

3046544.2

## DECLARATION OF JOSEPH P. DUNBAR

I, Joseph P. Dunbar, declare as follows:

1.      I am the Director of Administrative Reporting for Verizon Business Network Services, Inc.  I make this declaration in support of the motion to dismiss for lack of personal jurisdiction submitted by MCI, Inc. in *Belloni v. Verizon Communications Inc. et al*, Member Case No. 06-cv-11459.  The facts stated herein are based upon my own personal knowledge, informed by a review of corporate records of Verizon Communications Inc., Verizon Business Global LLC and its corporate predecessors (including MCI, Inc.), and interviews with other knowledgeable persons.  If called to testify, I could and would testify competently to the facts set forth below.

2.      MCI, Inc. was a Delaware corporation that was headquartered in Virginia.  The corporation was formed on December 29, 2003 in connection with the bankruptcy reorganization of WorldCom, Inc., which was a Georgia corporation headquartered in Mississippi.  WorldCom, Inc. was a holding company that provided no services to the public, including telecommunications services, in New York or elsewhere.

3.      Like WorldCom, Inc, MCI, Inc. was a holding company that provided no services to the public, including telecommunications services, in New York or elsewhere.

4.      MCI, Inc. was not qualified to do business in New York and did not transact any business in the State.

5.      MCI, Inc. had no offices or employees in New York, did not own or lease any real property in New York, did not pay taxes in New York, and did not maintain an agent for service of process in the State.  MCI, Inc. also played no role in the collection of the federal excise tax ("FET") for long distance services that I understand is the subject matter of this lawsuit.

6.      Some of MCI, Inc.'s subsidiaries did provide telecommunications services to customers in New York.  Each such subsidiary was, however, a corporate entity distinct and independent from MCI, Inc.  Each subsidiary had its own Board of Directors and management, had regularly scheduled Board meetings, and kept its own books and records.  MCI, Inc. did not control the internal affairs or daily operations of these subsidiaries.

7.      In early 2006, Verizon Communications Inc. ("VCI"), which is a publicly traded holding company, acquired MCI, Inc. through a merger.  VCI is a Delaware corporation with its corporate headquarters at 140 West Street, New York, NY, 10007.  I understand that VCI has also been named as a party to this lawsuit but does not seek dismissal on personal jurisdiction grounds.

8.      To effectuate VCI's acquisition of MCI, Inc., in January 2006 MCI, Inc. was merged into a Delaware limited liability company called Eli Acquisition, LLC, that was a subsidiary of VCI.  As part of the transaction, Eli Acquisition, LLC was renamed MCI, LLC.  On November 21, 2006 MCI, LLC was renamed Verizon Business Global LLC.

9.      Verizon Business Global LLC is a Delaware limited liability company.  Its headquarters are at One Verizon Way in Basking Ridge, New Jersey.

10.      Verizon Business Global LLC is a holding company that provides no services to the public, including telecommunications services, in New York or elsewhere.

11.      Verizon Business Global LLC is not qualified to do business in New York and does not transact any business in the State.

12.      Verizon Business Global LLC has no offices or employees in New York, does not own or lease any real property in New York, does not pay taxes in New York, and does not maintain an agent for service of process in the State.  Verizon Business Global LLC also plays

- 2 -

no role in the collection of the federal excise tax ("FET") for long distance services that I understand is the subject matter of this lawsuit.

13.     Some of Verizon Business Global LLC's subsidiaries do provide telecommunications services to customers in New York. Each such subsidiary is, however, a corporate entity distinct and independent from Verizon Business Global LLC. Each subsidiary has its own Board of Directors and management, has regularly scheduled Board meetings, and keeps its own books and records. Verizon Business Global LLC does not control the internal affairs or daily operations of these subsidiaries.

14.     I am informed that in their Complaint, Plaintiffs do not include the comma between "MCI" and "Inc." and thus refers to the party they are suing as "MCI Inc." No such entity exists or existed within the MCI family of companies. It thus appears that the failure to include a comma was a typographical error.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 5, 2007.

Joseph P. Dunbar

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION ) ) ) ) | MDL Docket No. 1798 |
| This document relates to: ) ) | Master File:  07-mc-0014 (RMU) |
| *Belloni v. Verizon Communications, Inc.* ) ) ) | Member Case:  07-cv-801 |

## [PROPOSED] ORDER GRANTING MOTION OF DEFENDANT VERIZON BUSINESS GLOBAL LLC  (SUCCESSOR TO MCI, INC.) TO DISMISS  AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)

WHEREAS Defendant Verizon Business Global LLC (successor to MCI, Inc.) has brought a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction ("Motion to Dismiss") in the above-captioned action; and

Having considered the moving, opposing, and reply papers, the declarations submitted in connection therewith, the argument of counsel at any hearing in this matter, and all other material properly before this Court, and good cause appearing therefore,

IT IS HEREBY ORDERED that, for the reasons stated in Defendant's Motion to Dismiss, that Motion is hereby GRANTED in its entirety, and the case is dismissed.

**SO ORDERED.**

_____          _____
Dated                                    Judge Ricardo M. Urbina
                                         United States District Judge.