**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File:  07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 |

## CENTURYTEL'S RULE 12(B)(2) MOTION TO DISMISS AMENDED COMPLAINT

NOW INTO COURT comes Defendant, CenturyTel, Inc., pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, which respectfully submits this memorandum in support of its motion to dismiss the amended complaint in *Belloni v. Verizon Communications*, No. 07-cv-801, for the reasons set forth in the memorandum in support and declaration of Stacey Goff, both of which are filed concurrently herewith and incorporated herein by reference.

Respectfully submitted,

**BREITHAUPT, DUNN, DUBOS,**
**SHAFTO & WOLLESON, LLC**
1800 Hudson Lane, Suite 200-A
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
Email: swolleson@bddswlaw.com


BY:   s/P. Scott Wolleson
          P. Scott Wolleson (#22691)

**ATTORNEYS FOR CENTURYTEL, INC.**

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL Docket No. 1798 |
| | Master File:  07-mc-0014 (RMU) |
| This Document Relates To: | Member Case: 07-cv-801 (RMU) |
| *Belloni v. Verizon Communications, Inc.* | |

## DECLARATION OF STACEY GOFF

| | |
|---|---|
| STATE OF LOUISIANA | ) |
| | ) |
| PARISH OF OUACHITA | ) |

I, Stacey Goff, being first duly sworn, hereby declare:

1.      I am over 21 years of age and if called as a witness, I would and could testify competently to such matters. I make this declaration based on personal knowledge of the facts set forth herein, as well as my review of the books and records of CenturyTel, Inc. that are kept in the ordinary course of its business and information provided to me by persons upon whom I regularly rely in the ordinary course of my duties.

2.      I am the Senior Vice President, General Counsel, and Secretary for CenturyTel, Inc.  I have held this position since August 26, 2003.  In connection with this position, I am familiar with the corporate structure of CenturyTel and its subsidiaries.

3.      CenturyTel, Inc. is a Louisiana Corporation with its principal place of business in Monroe, Louisiana.

4.      CenturyTel, Inc. is merely a holding company with its operations primarily conducted by its subsidiaries.

5.      The business activities of CenturyTel, Inc. consist of the ownership of interests in a variety of subsidiary entities operating in the telecommunications industry.

6.      CenturyTel, Inc. does not conduct business in New York and is neither licensed nor authorized to do so.

7.      CenturyTel, Inc. does not provide communication services or bill any customers for communication services, and therefore does not assess or collect federal communications excise taxes from any customer in New York or any other state.  Likewise, because CenturyTel, Inc. does not provide any communication services or assess or collect federal communications excise taxes in New York, it does not remit any federal communications excise tax to the federal government.

8.      CenturyTel, Inc. does not have a registered agent for service of process in New York.  CenturyTel does not have any offices in New York, does not own any real or personal property in New York, does not have any employees in New York, does not have a mailing address in New York, pays no taxes to New York, and does not advertise or solicit business in New York.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Dated: August __, 2007

_____
Stacey Goff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION<br><br>This Document Relates To:<br><br>*Belloni v. Verizon Communications, Inc.* | MDL Docket No. 1798<br><br>Master File:  07-mc-0014 (RMU)<br><br>Member Case: 07-cv-801 |

**CENTURYTEL'S MEMORANDUM IN SUPPORT OF RULE 12 (B) (2)**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendant, CenturyTel, Inc., respectfully submit this memorandum of law in support of its motion to dismiss the amended complaint in *Belloni v. Verizon Communications*, No. 07-cv-801, pursuant to Federal Rule of Civil Procedure 12(b)(2).  For the reasons set forth below, CenturyTel should be dismissed from this action for lack of personal jurisdiction.

CenturyTel, Inc. is a Louisiana Corporation with its principal place of business in Monroe, Louisiana.  CenturyTel, Inc. is merely a holding company with its operations primarily conducted by its subsidiaries.  (Goff Dec., ¶ 4).  The business activities of CenturyTel, Inc. consist of the ownership of interests in a variety of subsidiary entities operating in the telecommunications industry. (Goff Dec., ¶ 5).  CenturyTel, Inc. does not conduct business in New York and is neither licensed nor authorized to do so.  (Goff Dec., ¶ 6).  CenturyTel, Inc. does not provide communication services or bill any customers for communication services, and therefore does not assess or collect federal communications excise taxes from any customer in New York or any other state.  Likewise, because CenturyTel, Inc. does not provide any communication services or assess or collect federal communications excise taxes in New York, it does not remit any federal communications excise tax to the federal government.  (Goff Dec., ¶ 7).

CenturyTel, Inc. does not have a registered agent for service of process in New York. CenturyTel does not have any offices in New York, does not own any real or personal property in New York, does not have any employees in New York, does not have a mailing address in New York, pays no taxes to New York, and does not advertise or solicit business in New York. (Goff Dec., ¶ 8). Therefore, the Court lacks jurisdiction over CenturyTel.[1]

## BACKGROUND

CenturyTel adopts and incorporates herein by reference the background of the FET litigation set forth by Bellsouth and AT&T in their memorandum in support of their Rule 12(b)(2) motion to dismiss for lack of jurisdiction. Suffice it to say, CenturyTel, Inc. has also been named as a defendant in the FET litigation on the basis of the following scant allegations.[2] In their amended complaint, Plaintiffs name CenturyTel as a defendant on the sole basis that "it provid[ed] long-distance services to members of the proposed class." *See Amended Complaint*, ¶36. Plaintiff's make no other allegations specific to CenturyTel, and the fatal flaws in the substance of Plaintiff's claims against the defendants, in general, are set forth in the pending Rule 12(b)(6) joint motion to dismiss. Plaintiffs do not even allege that CenturyTel has conducted any business in New York, either directly or through subsidiaries.

## ARGUMENT

Because this action was filed in the Southern District of New York, the appropriate jurisdictional analysis here focuses on whether AT&T Inc. and BellSouth Corporation are subject to personal jurisdiction in the *New York* federal courts. *See Midland v. F. Hoffman-Laroche, Ltd. (In re Vitamins Antitrust Litig.)*, 270 F. Supp. 2d 15, 33-35 (D.D.C. 2003)

---

[1] CenturyTel has expressly preserved its objection to personal jurisdiction in previous filings.

[2] Several defendants, including CenturyTel, have also filed of joint motion to dismiss for lack of standing.

(applying law of transferor forum in evaluating Rule 12(b)(2) motion); *City of Portsmouth v. Amerada Hess Corp. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.)*, 2005 U.S. Dist. LEXIS 12843, at *3 (S.D.N.Y. 2005) ("In multi-district litigation, the law of the state where the action was first filed governs.").

Plaintiffs bear the burden of establishing such personal jurisdiction. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *see also Second Amendment Found. v. United States Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). To do so, they must demonstrate (1) that a relevant state statute authorizes jurisdiction; and (2) that the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *See* Fed. R. Civ. P. 4(k)(1)(A); *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *Bondi v. Bank of Am. Corp. (In re Parmalat Sec. Litig.)*, 381 F. Supp. 2d 283, 287 (S.D.N.Y. 2005); *Kensington Int'l Ltd. v. Societe Nationale des Petroles du Congo*, No. 05 Civ. 5101(LAP), 2006 WL 846351, at *3 (S.D.N.Y. Mar. 31, 2006); *cf. Marsh v. Kitchen*, 480 F.2d 1270, 1272 n.6 (2d Cir. 1973).

Ultimately, both elements must be shown by a preponderance of the evidence. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *Odilla Mutaka Mwani v. Osama Bin Laden*, 417 F. 3d 1, 7 (D.C. Cir. 2005). At this stage of the case, however, plaintiffs must establish a prima facie case for the exercise of jurisdiction by pointing to affidavits or other relevant evidence. *See Visual Scis., Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 58 (2d Cir. 1981); *Second Amend. Found.*, 274 F.3d at 524.

Plaintiffs cannot establish personal jurisdiction over CenturyTel because the New York long-arm statute, which does not extend to the full reach of the Due Process Clause, does not authorize personal jurisdiction over CenturyTel. *See, e.g., Talbot v. Johnson Newspaper Corp.*,

522 N.E.2d 1027, 1029, 71 N.Y.2d 827, 829-30 (1988) ("[T]he New York long-arm statute (CPLR 302) does not provide for in personam jurisdiction in every case in which due process would permit it.").

Plaintiffs' amended complaint alleges, in conclusory terms, that defendants are subject to the personal jurisdiction of New York courts under N.Y. C.P.L.R. § 302.  (Amended Complaint ¶ 17).  That section provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> > 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> >
> > 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> >
> > 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
> >
> > > (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> > >
> > > (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> >
> > 4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a) (McKinney 2006). [3]

---

[3] A separate jurisdictional statute provides: "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore."  N.Y. C.P.L.R. § 301 (McKinney 2006).  Under this provision, a court may exercise jurisdiction over a foreign corporation "if it is engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in this jurisdiction."  *Delagi v. Volkswagenwerk AG*, 278 N.E.2d 895, 896, 29 N.Y.2d 426, 430-31 (1972).  Plaintiffs do not allege – nor could they – that CenturyTel is subject to jurisdiction under this section.

None of these provisions applies to CenturyTel, which does not "transact[] any business within the state or contract anywhere to supply goods or services in the state."  In addition, because CenturyTel does not assess, collect, or remit the FET, they have not, even arguably "commit[ted] a tortious act within the state" or a "tortious act without the state causing injury to person or property within the state." Finally, CenturyTel does not own, use, or possess "any real property situated within the state," and the amended complaint contains no allegations to the contrary.  Not only has CenturyTel engaged in no activity that would subject it to the jurisdiction of New York courts, plaintiffs cannot establish jurisdiction by arguing that all defendants (including CenturyTel) are subject to the personal jurisdiction of New York courts because they jointly participated in an alleged conspiracy.[4]  *See* Amended Complaint ¶¶ 10, 27.

The amended complaint's allegations that all defendants "conspired amongst themselves" to collect a tax required by the IRS and "knew that their conspiratorial acts would impact all long distance telephone customers, including residents of [the Southern District of New York]," *see* Amended Complaint ¶¶ 8, 16, are insufficient to vest New York courts with jurisdiction over CenturyTel.  As the District Court for the Southern District of New York has explained, "The bland assertion of conspiracy or agency is insufficient to establish jurisdiction for the purposes of section 302(a)(2) [of the N.Y. C.P.L.R.].  To establish jurisdiction on this basis, a plaintiff, must

---

[4] The amended complaint also alleges that personal jurisdiction may be exercised over defendants under 47 U.S.C. § 207, which provides that "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction."  47 U.S.C. § 207.  This provision vests the District Courts with *subject matter* jurisdiction over complaints brought under 47 U.S.C. § 207, but it does not vest them with *personal* jurisdiction over all defendants in such actions.  *See, e.g.*, *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190-91 (2d Cir. 2001) (per curiam) (discussing application of § 207).

clear two hurdles: (1) it must make a *prima facie* factual showing of a conspiracy; and (2) it must allege specific facts warranting the inference that the defendant was a member of the conspiracy." *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991) (citations and internal quotation marks omitted). The fatal flaws in Plaintiffs' conspiracy allegations are also set forth in the Rule 12(b)(6) joint motion to dismiss.

Even if this Court were to determine that CenturyTel is subject to jurisdiction in New York under the N.Y. C.P.L.R., the Fourteenth Amendment independently precludes the exercise of personal jurisdiction. Under the Fourteenth Amendment, a defendant may be subject to the personal jurisdiction of a forum court only if it can be shown that it has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).[5] The Supreme Court has further noted that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In addition, if a defendant's contacts satisfy this "minimum contacts" test, jurisdiction may still be defeated if "the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

---

[5] If a defendant's contacts with the forum are "continuous and systematic" – but not necessarily related to the events giving rise to the action – then a court may exercise "general jurisdiction" over that defendant. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984). If, by contrast, the defendant's contacts are more limited in nature but relate to the events giving rise to the underlying action, then the court may exercise "specific jurisdiction." *See id.* at 414 n.8 (internal quotation marks omitted).

CenturyTel has no contacts with New York that would justify the exercise of jurisdiction. *See also Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 650 (8th Cir. 2003) (affirming dismissal of suit against holding company due to lack of personal jurisdiction); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 857 (5th Cir. 2000) (same); *Hoffman v. Tyco Int'l, LTD*, Civ. A. No. 06-2961, 2006 WL 3759709, at *3-*5 (E.D. Pa. Dec. 18, 2006) (dismissing suit against holding company due to lack of personal jurisdiction).[6]

Unsupported allegations of conspiracy contained in the amended complaint cannot satisfy the Fourteenth Amendment's requirements in this context. *See, e.g., Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997) (finding that the "district court could not, consistent with due process, exercise personal jurisdiction over" defendants based on "'bald speculation' or a 'conclusory statement' that individuals are co-conspirators'") (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983)); *Underwager v. Channel 9 Australia*, 69 F.3d 361, 364 (9th Cir. 1995) (affirming dismissal where plaintiff failed to adequately plead existence of conspiracy); *McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983) ("Courts that have approved the exercise of long-arm jurisdiction pursuant to the conspiracy theory typically require the plaintiff to make a threshold showing, *inter alia*, that a

---

[6] To be sure, the stock of CenturyTel is traded on the New York Stock Exchange, as was the stock of BellSouth Corporation prior to December 29, 2006. The Second Circuit has established, however, that this contact is insufficient to vest New York courts with personal jurisdiction. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97-98 (2d Cir. 2000) ("We agree that the prevailing caselaw accords foreign corporations substantial latitude to list their securities on New York-based stock exchanges and to take the steps necessary to facilitate those listings (such as making SEC filings and designating a depository for their shares) without thereby subjecting themselves to New York jurisdiction for unrelated occurrences."); *see also Telcordia Techs., Inc. v. Telkom SA, Ltd. (In re Telcordia Techs., Inc.)*, Civ. A. No. 02-1990 (JR), 2003 U.S. Dist. LEXIS 23726 (D.D.C. July 20, 2003) (finding that listing an initial public offering on the New York Stock Exchange did not subject a foreign corporation to the jurisdiction of U.S. courts), *aff'd*, 95 F. App'x 361, 2004 U.S. App. LEXIS 7081 (D.C. Cir. Apr. 9, 2004).

conspiracy existed and that the defendants participated therein."). Thus, there is no constitutional basis for a New York court to exercise personal jurisdiction over CenturyTel.

## CONCLUSION

For the reasons set forth above, CenturyTel respectfully request that this Court grant their motions to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

**BREITHAUPT, DUNN, DUBOS,
SHAFTO & WOLLESON, LLC**
1800 Hudson Lane, Suite 200-A
Monroe, Louisiana 71201
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
Email: swolleson@bddswlaw.com


BY:___s/P. Scott Wolleson_____
        P. Scott Wolleson (#22691)

**ATTORNEYS FOR CENTURYTEL, INC.**

## <u>NOTICE OF FILING AND SERVICE</u>

I hereby certify that, on August 14, 2007, copies of (1) CenturyTel's Rule 12 (B) (2) Motion to Dismiss Amended Complaint; (2) the Memorandum of Law in Support of CenturyTel's Motion to Dismiss Amended Complaint; and (3) Proposed Order were filed electronically and served by mail on any party unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by overnight mail to any party unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

  /s/P. Scott Wolleson  
P. Scott Wolleson

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE DISTRICT OF COLUMBIA

In re LONG-DISTANCE TELEPHONE
SERVICE FEDERAL EXCISE TAX
REFUND LITIGATION

This Document Relates To:

*Belloni v. Verizon Communications, Inc.*

MDL Docket No. 1798

Master File:  07-mc-0014 (RMU)

Member Case: 07-cv-801

## [PROPOSED] ORDER

Upon consideration of CenturyTel's Rule 12 (B) (2) Motion to Dismiss Amended

Complaint in *Belloni v. Verizon Communications, Inc*., No. 07-cv-801(RMU), the memorandum

in support thereof, and any opposition and reply thereto, it is hereby

**ORDERED** that the motion to dismiss is GRANTED, and this action is dismissed with

prejudice with respect to CenturyTel, Inc.

_____
DATE

_____
Ricardo M. Urbina
United States District Judge